## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CASE NO: 3:26-cv-00422

MODE TRANSPORTATION LLC,

     Plaintiff,

v.

JILLAMY, INC,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC, AND JILLAMY
TRANSPORTATION, INC,

     Defendants.

_____/

## NOTICE OF REMOVAL

Defendants, Jillamy, Inc, Jillamy Fulfillment Services, LLC,

Jillamy Packaging & Warehouse, Inc, and Jillamy Transportation,

Inc, (collectively, "Defendants"), by and through their undersigned

counsel, in accordance with the Federal Rules of Civil Procedure, and

pursuant to the provisions of Rule 1.06 of the Local Rules of the

United States District Court for the Middle District of Florida, and 28

U.S.C. §§ 1332, 1441, and 1446, hereby file this Notice of and Petition

for Removal of the action styled *Mode Transportation LLC v. Jillamy,*

*INC, Jillamy Fulfillment Services, LLC, Jillamy Packaging & Warehouse, Inc, And Jillamy Transportation, Inc,* 16-2026-CA-000860 in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida (the "State Court"). Defendants seek removal of this foregoing action (the "State Court Action") from the State Court to the United States District Court for the Middle District of Florida, Jacksonville Division, on the basis of the following facts, which demonstrate the existence of diversity jurisdiction.

## INTRODUCTION

1.    Plaintiff, Mode Transportation LLC, filed the Complaint in the State Court Action on February 4, 2026. A true and correct copy of the Complaint is attached as Exhibit A hereto. True and correct copy of the Summonses served on Defendants are attached as Composite Exhibit B hereto. A true and correct copy of the Civil Cover Sheet for the State Court Action is attached as Exhibit C hereto.

2.    Defendants Jillamy, Inc, Jillamy Fulfillment Services, LLC, and Jillamy Packaging & Warehouse, Inc. were served with a Summons and the Complaint on February 6, 2026. Defendant Jillamy Transportation, Inc. was served with a Summons and

Complaint on February 7, 2026.    True and correct copies of the Returns of Service are attached as Composite Exhibit D hereto.

3.    This Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and complete diversity of citizenship exists between the parties.    Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## REMOVAL IS PROPER IN THIS CASE

### A. The Amount in Controversy Exceeds $75,000

4.    For purposes of determining whether the $75,000 threshold is met where diversity jurisdiction exists, courts have determined that jurisdiction is proper where the jurisdictional amount is "facially apparent" from the Complaint itself. *See Williams v. Best Buy Co.,* 269 F.3d 1316 (11th Cir. 2001).

5.    Here, it is clear from the face of the Complaint that the amount in controversy greatly exceeds $75,000. Specifically, the Complaint alleges "[a]s of January 30, 2026, Defendants owe MODE $1,937,958.51 as principal for services provided." Complaint at 7, ¶ 45. The Complaint refers to MODE as "a leader in the freight

brokerage and logistics industry." Complaint at 3, ¶ 10. It also notes that the terms on which it relies were agreed by the parties as part of a transaction whereby MODE "performed various services for Defendants, including but not limited to, full truckload, less than truckload, intermodal drayage, ocean, air, and parcel brokered transportation services." Complaint at 4, ¶ 21.

6.    The Complaint was filed to obtain monetary relief, wherein it claims that Defendants have breached their contracts with MODE. MODE seeks in total from Defendants, $2,185,631.10, inclusive of alleged interest calculated, as well as "compensatory damages in an amount to be proven at trial" allegedly caused by Defendants' wrongdoing. Complaint at 7-8, ¶ 48.

7.    In view of the above, the amount in controversy exceeds the jurisdictional amount required.

**B. There is Complete Diversity of Citizenship**

8.    Plaintiff and each of the Defendants are of diverse citizenship.  The Complaint alleges that Plaintiff is a Delaware limited liability company with its principal place of business in Texas (Complaint at ¶ 5), each of the three corporate defendants is a Pennsylvania corporation which has its principal place of business

in Pennsylvania (¶¶ 6, 8-9) and Defendant Jillamy Fulfillment Services, LLC is a Pennsylvania limited liability company with its registered office in Pennsylvania (¶ 7).

9.    "Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005).

10.    For purposes of diversity jurisdiction, a corporation is deemed a citizen of the state in which it is incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Knorr v. Standard Fire Ins. Co.,* 8:20-CV-01813- WFJ-JSS, 2020 U.S. Dist. LEXIS 159607, at *3 (M.D. Fla. Sept. 2, 2020); *Clyde v. Progressive Am. Ins. Co.,* No. 2:25-cv-755-KCD-DNF, 2025 LX 454918, at *2 (M.D. Fla. Oct. 2, 2025) ("A corporation is a citizen of its state of incorporation and the state where it has its principal place of business"); *MacGinnitie*, 420 F.3d at 1237.

11.    As alleged in the Complaint, Defendant, Jillamy, Inc, is incorporated in Pennsylvania, and its principal place of business is in Pennsylvania.  For diversity purposes, Jillamy, Inc. is a citizen of Pennsylvania.

12.    As alleged in the Complaint, Defendant, Jillamy Packaging & Warehouse, Inc, is incorporated in Pennsylvania, and its principal place of business is located in Pennsylvania.  For diversity purposes, it is a citizen of Pennsylvania.

13.    As alleged in the Complaint, Defendant, Jillamy Transportation, Inc, is incorporated in New Jersey, and its principal place of business is located in Pennsylvania.  For diversity purposes, it is a citizen of New Jersey or Pennsylvania.

14.    As alleged in the Complaint, Defendant, Jillamy Fulfillment Services, LLC, is a Pennsylvania limited liability company, with its principal place of business in Pennsylvania.    For the purposes of diversity jurisdiction, the citizenship of a limited liability company, is determined by the citizenship of its members.    *See Mallory & Evans Contractors & Eng'rs, Inc. v. Tuskegee Univ.,* 663 F.3d 1304, 1305 (11th Cir. 2011); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that a limited liability company is a citizen of any state of which a member of the company is a citizen).  The citizenship of Defendant, Jillamy Fulfillment Services, LLC is determined by the citizenship of its members.

15.   The sole members of Defendant, Jillamy Fulfillment Services, LLC, are Theodore Kuriger ("Kuriger") and Christian Kiefer ("Kiefer").

16.   Defendant Kuriger, is an individual who is a citizen of Pennsylvania.  See Kuriger Declaration attached as Exhibit E hereto.

17.    Defendant Kiefer, is an individual who is a citizen of Pennsylvania.  See Kiefer Declaration attached as Exhibit F hereto.

18.   Plaintiff, Mode Transportation LLC, is a Delaware limited liability company.  The parent of Plaintiff is Mode Global LLC, also a Delaware limited liability company.  The sole member of Mode Global LLC is Sunteck Blocker Inc., a Delaware corporation, and Sunteck Blocker Inc.'s principal place of business is in Dallas, Texas.  See Butler Declaration attached as Exhibit G hereto.

19.   Accordingly, because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00, this action is properly removed to this Court.

### C. The Procedural Requirements for Removal Have Been Satisfied

20.   The Notice of Removal was timely pursuant to 28 U.S.C. §1446(b) because it was filed within 30 days of the date when Defendants were served with the Summonses and Complaint.

21.   Venue in this Court is proper pursuant to §1446(a) because the United States District Court for the Middle District of Florida, Jacksonville Division, includes Duval County, the judicial circuit in which Plaintiff filed the State Court Action.

22.   Pursuant to 28 U.S.C. §1446(b), Defendants will file notice of this removal with the clerk of the State Court and serve same upon counsel for all parties.

23.   Pursuant to 28 U.S.C. §1446(a), Exhibits A-C hereto are the documents from the State Court Action that were served on Defendants.

24.   Copies of the docket sheet for the State Court Action together with all docketed items are filed herewith.

25.   Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding the Plaintiff's claims upon which relief may be granted, without

admitting that Plaintiff has standing and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever.

26. The undersigned has signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, in accordance with 28 U.S.C. §1446(a).

## CONCLUSION

**WHEREFORE**, Defendants respectfully request that the United States District Court for the Middle District of Florida accept the removal of this action from the State Court and take exclusive jurisdiction over this action.

Dated: February 26, 2026

*/s/ Peter H. Levitt*
Peter H. Levitt
Florida Bar No. 650978
plevitt@shutts.com
Shutts & Bowen LLP
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone: (305) 415-9447
Fax:  (305) 415-9847
***Counsel for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 26th day of February 2026, a true and correct copy of the foregoing has been filed with the Court by using the CM/ECF system and has been served via e-mail to counsel for Plaintiff listed below.

**GREENBERG TAURIG, LLC**

Jake Evans, Esq.
Florida Bar No. 797018
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Jake.Evans@gtlaw.com

Darryl B. Harris, Esq.
Florida Bar No. 1058987
450 S. Orange Ave.
Orlando, Florida 32801
Darryl.Harris@gtlaw.com

*/s/ Peter H. Levitt*
Peter H. Levitt

# EXHIBIT A

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION**

**MODE TRANSPORTATION LLC,**

     **Plaintiff,**

**vs.**                            **CASE NO.**

**JILLAMY, INC.,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC., AND JILLAMY
TRANSPORTATION, INC.,**

     **Defendants.**

_____/

**COMPLAINT**

Plaintiff MODE Transportation LLC ("MODE"), by and through undersigned counsel, hereby brings this action for breach of contract against Defendants Jillamy, Inc. ("Jillamy, Inc."), Jillamy Fulfillment Services, LLC ("Jillamy Fulfillment"), Jillamy Packaging & Warehouse, Inc. ("Jillamy Packaging"), and Jillamy Transportation, Inc. ("Jillamy Transportation") (together, "Defendants"), and in support states as follows:

**JURISDICTION AND VENUE**

1.     This Court has subject matter jurisdiction pursuant to section 26.012, Florida Statutes, because the amount in controversy exceeds $50,000.00, exclusive of interest, costs, and attorneys' fees.  Accordingly, this Court has jurisdiction over this matter.

2.     All invoices at issue in this case are governed by MODE's terms of service agreement (the "Agreement"), a copy of which is attached hereto as <u>Exhibit A</u>.

3.     The Court has personal jurisdiction over Defendants because the Agreement provides that "[l]awsuits shall be filed and litigated exclusively in the state or federal courts located in Duval County, Florida, and the Parties hereby consent to jurisdiction in these courts and agree that venue is proper exclusively in these courts."

4.     Venue is proper in Duval County, Florida pursuant to the Agreement and Fla. Stat. § 47.051.

## PARTIES

5.     MODE is a limited liability company organized under the laws of the State of Delaware. Its principal place of business is located at 14785 Preston Road, Suite 850, Dallas, Texas, 75254.

6.     Jillamy, Inc. is a Pennsylvania corporation and is headquartered in Pennsylvania. Its principal place of business is located at 160 New Britain Blvd., Chalfont, Pennsylvania, 18914. Jillamy, Inc. is the parent company of many of the other Defendants.

7.     Jillamy Fulfillment is a Pennsylvania limited liability company organized under the laws of the State of Pennsylvania. Its registered office is located at 160 New Britain Blvd., Chalfont, Pennsylvania, 18914.

8.     Jillamy Packaging is a Pennsylvania corporation and is headquartered in Pennsylvania. Its principal place of business is located at 160 New Britain Blvd., Chalfont, Pennsylvania, 18914.

9.     Jillamy Transportation is a New Jersey corporation and is headquartered in Pennsylvania. Its principal place of business is located at 160 New Britain Blvd., Chalfont, Pennsylvania, 18914.

**FACTUAL ALLEGATIONS**

10.    MODE is a leader in the freight brokerage and logistics industry. Through MODE's family of brands, MODE provides exceptional service with a focus on customer service. MODE provides full truckload, intermodal, less-than-truckload, ocean, air, and parcel freight brokerage services.

11.    Defendants perform a number of functions, including but not limited to a number of transportation services, including trucking and warehousing.

**A.    Background**

12.    Each of the Defendants is co-owned by Theodore Kuriger ("Kuriger") and Christian Kiefer ("Kiefer"), either directly or indirectly.

13.    To MODE's knowledge, Kuriger and Kiefer also serve as officers for each of the Defendants.

14.    Kuriger and Kiefer are currently involved in several lawsuits with MODE involving, among other things, alleged breaches of their restrictive covenants with MODE.

15.    Defendants have refused to pay numerous open invoices in an attempt to gain Kuriger and Kiefer an advantage in their pending lawsuits against MODE.

**B.    The Service Terms**

16.    MODE performs services for Defendants pursuant to the parties' agreed terms of service.

17.    MODE sent Defendants invoices for the services MODE performed for them on a per shipment, or sometimes weekly, basis, for transportation services provided.

18.    Each invoice states that "[a]ll shipments here under are also subject to the terms of service located at: https://www.Modetransportation.Com/terms-of-service/ and

3

incorporated herein by reference as such terms of service may be modified from time to time by mode transportation without notice to you."

19.    The Agreement (Exhibit A) is what the user is directed to if they use the link above.

20.    The invoices contained information regarding how to remit payment to MODE, and provided contact information for inquiries regarding invoices.

21.    Pursuant to the Agreement, MODE has performed various services for Defendants, including but not limited to, full truckload, less than truckload, intermodal, drayage, ocean, air, and parcel brokered transportation services.

22.    The Agreement provides that "[i]n consideration of services provided by MODE on each shipment, Shipper[1] hereby agrees to be bound to the terms contained herein," and that "[s]aid terms may not be changed except in writing signed by a duly authorized executive employee of MODE."

23.    The Agreement further provides:

> The rates and charges of MODE are subject to change without notice. MODE's standard payment terms require **receipt of cash in advance of performance**. In the event that MODE, in its sole discretion, extends credit to Shipper, which is defined as permitting Shipper to pay for service within a specified period of time after performance by MODE, payment of any MODE invoice, **payment of any MODE invoice must be made within 30 days of the invoice date in full and without deduction or offset**.  MODE may cancel credit in its sole discretion at any time, including after provision of services. Failure to meet this requirement may result in a loss of credit. Should no payment be received within 30 days of the invoice date, interest in the amount of 1.5% per month may be assessed commencing with the 31st day following the invoice date. Payment of MODE invoices shall be in currency of the United States and Canada only, as applicable.

---

[1] "Shipper" is defined as "the person for which MODE is rendering service, as well as its agent and/or representative, including, but not limited to, shippers, owners, notify parties, importers, exporters, consignees, etc." In this case, that includes the Defendants.

(Agreement, § 1(b) (emphasis added).

24.    The Agreement also contains the following indemnification provision:

SHIPPER SHALL DEFEND, INDEMNIFY, AND HOLD HARMLESS MODE FROM AND AGAINST, AND SHALL PAY AND REIMBURSE MODE FOR ANY AND ALL DIRECT AND INDIRECT LIABILITIES, CLAIMS, LOSSES, EXPENSES, COSTS (INCLUDING ATTORNEY FEES) OR DAMAGES (FOR PURPOSES OF THIS PROVISION, "CLAIMS") INCURRED OR OCCASIONED BY (i) A BREACH BY THE SHIPPER OF ANY OF THE WARRANTIES CONTAINED HEREIN; (ii) THE FAILURE OF THE SHIPPER TO COMPLY WITH THESE PROVISIONS; (iii) MODE'S EXECUTION OF SHIPPER'S INSTRUCTIONS OR RELIANCE ON INFORMATION PROVIDED BY OR ON BEHALF OF SHIPPER; (iv) SHIPPER'S NEGLIGENCE OR WILLFUL MISCONDUCT; OR (v) CLAIMS, SEEKING TO IMPOSE LIABILITY WITH RESPECT TO LOSS, DAMAGE, DESTRUCTION, OR DELAY OF OR TO CARGO IN EXCESS OF ANY LIABILITY EXPRESSLY ASSUMED BY MODE HEREIN OR IN EXCESS OF ANY LIMITATION OF LIABILITY TO WHICH MODE IS ENTITLED HEREUNDER.  THE INDEMNITY OBLIGATIONS IN THIS PROVISION SHALL NOT APPLY TO THE EXTENT A CLAIM IS DETERMINED BY A COURT OF APPROPRIATE JURISDICTION TO HAVE BEEN CAUSED BY THE NEGLIGENCE OR WILLFUL MISCONDUCT OF MODE.

(Agreement, § 10).

**C.    Defendants' Failure to Make Payments**

25.    Defendants have unpaid invoices with MODE dating back to February 2024. Defendants ceased all payments to MODE in July 2025.

26.    Defendants' failure and refusal to pay their invoices has continued through December 2025 and is ongoing.

27.    Jillamy Fulfillment's Mesquite facility owes MODE $2,457.69 for past due invoices.

28.    Jillamy Fulfilment's Riverside facility owes MODE $149,703.65 for past due invoices.

29. Jillamy Fulfillment's Ventura facility owes MODE $901,285.38 for services provided, of which $778,458.90 is for past due invoices.

30. In total, Jillamy Fulfillment owes MODE $1,053,446.72.

31. Jillamy Packaging owes MODE $225,093.48 for services provided, of which $220,983.85 is for past due invoices.

32. Jillamy Transportation owes MODE $659,418.31 for services provided, of which $658,468.31 is for past due invoices.

33. Jillamy, Inc. is the parent company of many of the named Defendants.

34. In total, Defendants owe MODE $1,937,958.51 for services provided, of which $1,810,072.40 is principal for past due invoices.

35. Additionally, pursuant to the terms of the Agreement, if payment is not received within 30 days of the invoice date, "interest in the amount of 1.5% per month may be assessed commencing with the 31st day following the invoice date."

36. As of January 30, 2026, Defendants owe in principal $1,810,072.40 for invoices that are at least 31 days past the invoice date. Accordingly, interest is accruing and will continue to accrue on that amount, and interest will accrue on the remaining amount if and when it becomes more than 31 days past the invoice date.

37. As of January 30, 2026, Defendants owe $247,672.59 in interest on the unpaid invoices.

38. As of January 30, 2026, Defendants owe a total of **$2,185,631.10** in principal and interest.

## COUNT I

## BREACH OF CONTRACT
**(Against All Defendants)**

39.     The allegations set forth in Paragraph Nos. 1–38 above are realleged and incorporated herein by reference.

40.     A valid contract exists between MODE and Defendants or each of them.

41.     Defendants each received invoices from MODE for services MODE performed for them.

42.     There is no dispute MODE performed the services described in the invoices.

43.     As expressed in the invoices, Defendants were bound by the terms of the Agreement.

44.      By failing to pay the invoices, Defendants materially breached the Agreement they entered into with MODE.

45.     As of January 30, 2026, Defendants owe MODE $1,937,958.51 as principal for services provided.

46.     Interest is currently accruing on $1,810,072.40 of the principal due to MODE from Defendants, which amount is currently more than 31 days past the invoice date. Interest will accrue on the remaining amount if and when it becomes more than 31 days past the invoice date.

47.     As of January 30, 2026, Defendants owe MODE $247,672.59 in interest.

48.     In total, Defendants owe MODE **$2,185,631.10**.

49.     MODE has retained the undersigned counsel to represent it in this action and has agreed to pay reasonable attorney's fees and costs to prosecute this action.

## PRAYER FOR RELIEF

**WHEREFORE**, MODE demands judgment against Defendants as follows:

a.    Awarding MODE compensatory damages in an amount to be proven at trial;

b.    Awarding MODE interest on the principal due and owing;

c.    Awarding MODE its attorneys' fees and costs and interest; and

d.    Granting such other relief as the Court deems just and proper.

**GREENBERG TRAURIG, LLP**

*/s/ Jake Evans*
Jake Evans
Florida Bar No. 797018
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
P: (678) 553-2100
F: (678) 553-2212
Jake.Evans@gtlaw.com

*and*

*/s/ Darryl Harris*
Darryl B. Harris
Florida Bar No. 1058987
450 S. Orange Ave.
Orlando, Florida 32801
P: (407) 301-3937
F: (407) 420-5909
Darryl.Harris@gtlaw.com

*Counsel for Plaintiff*

# EXHIBIT A



# Terms of service agreement.

**Last Updated : September 22, 2025**

The terms contained herein apply on each shipment tendered to and accepted by operating affiliates or subsidiaries under ultimate common control of MODE Global, LLC (each such operating affiliate or subsidiary referred to herein as "MODE") and constitute a binding agreement between MODE on the one hand Shipper on the other hand (except that Green Manalishi Transportation Inc. is not included in the definition of MODE and its services are not subject to these Terms of Service).  For purposes of these terms, the term "Shipper" means the person for which MODE is rendering service, as well as its agent and/or representative, including, but not limited to, shippers, owners, notify parties, importers, exporters, consignees, etc. In consideration of services provided by MODE on each shipment, Shipper hereby agrees to be bound to the terms contained herein. Said terms may not be changed except in writing signed by a duly authorized executive employee of MODE.

**Applicability:**

**a.** The liability of each entity included in the definition of MODE is several and not joint and in no event will any such entity be liable, or have any responsibility for, any acts, omissions, or obligations of any other such entity. If there is any question as to which entity provided services, MODE Global, LLC's determination as to which entity rendered services, made in its sole discretion, will be final and binding.

**b.** All MODE services are governed by these terms, except when MODE issues the following documents and identifies itself as specified below: (i) Air waybill for air transport (when MODE is listed as "Carrier"); (ii) Ocean bill of lading for sea transport (when MODE is listed as "Carrier"); or (iii) Warehouse receipt for storage (when MODE is listed as warehouse operator). With respect to the documents noted in subparagraphs (i), (ii) or (iii), the document's terms govern the services identified by such document to the extent they conflict with these Terms of Service. Shipper accepts those conditions regardless of when Shipper receives the document. For surface transportation, the terms set forth herein govern even if MODE is named as "Carrier" on any bill of lading. Shipper acknowledges MODE is not a motor carrier, and any documentation suggesting otherwise is for Shipper's convenience only and does not affect MODE's status as a broker.  For purposes of clarity, even if MODE is named as the "Carrier" in any bill of lading issued with respect to any move transported entirely via surface transportation, the terms and conditions of any such bill of lading shall not apply, and rather, these terms will govern MODE's services with respect to services undertaken pursuant to any such document.  Shipper acknowledges that MODE is not a motor carrier and any bill of lading or other documentation to the contrary is for the convenience of Shipper only and will not impact MODE's status as a broker.

**c.** MODE may, in its sole discretion, amend these terms from time to time in which case the modified terms and conditions will take effect as of the date they are posted on MODE's website. Any attempt by Shipper to otherwise alter, amend or modify these terms shall be null and void.

**1. Rates, Charges and Credit:**

**a.** Quotations provided by MODE to Shipper regarding fees, rates of duty, freight charges, insurance premiums or other charges represent MODE's good faith estimate based on the information provided by Shipper and current market conditions. Quoted amounts do not include charges for additional services not requested or reasonably foreseeable or certain at the time of quotation. MODE will notify Shipper of any material changes to quoted charges prior to performing the services when commercially practicable. Shipper agrees to pay reasonable charges for additional services requested by Shipper or necessitated by circumstances outside MODE's control that arise during service performance.

**b.** The rates and charges of MODE are subject to change without notice. MODE's standard payment terms require receipt of cash in advance of performance. In the event that MODE, in its sole discretion, extends credit to Shipper, which is defined as permitting Shipper to pay for service within a specified period of time after performance by MODE, payment of any MODE invoice, payment of any MODE invoice must be made within 30 days of the invoice date in full and without deduction or offset.  MODE may cancel credit in its sole discretion at any time, including after provision of services. Failure to meet this requirement may result in a loss of credit. Should no payment be received within 30 days of the invoice date, interest in the amount of 1.5% per month may be assessed commencing with the 31st day following the invoice date. Payment of MODE invoices shall be in currency of the United States and Canada only, as applicable.

**c.** In no event will MODE have any responsibility for, and Shipper will defend, indemnify, and hold MODE harmless from, and will pay and reimburse, any charges imposed by third parties with respect to: (i) use of equipment in which cargo tendered by, to or on behalf of Shipper is, has been or will be laden, or for charges assessed with respect to storage or handling of any such equipment, including, but not limited to, charges assessed by steamship lines, rail carriers, rail terminal operators, marine terminal operators or port authorities; (ii) charges arising from services, including, but not limited to, any and all amounts assessed by third parties related to requests for cancellation (including charges for services rendered prior to cancellation), costs related to requests for reconsignment or otherwise due to inaccurate or incomplete information provided by or on behalf of Shipper; or (iii) any rates or charges, or any increase in any rates or charges, the carriers assess to MODE, such as fuel surcharges, peak season surcharges, general rate increases, or amounts intended to cover assessments by third parties (including government regulators).

**d.** SHIPPER HEREBY GRANTS TO MODE A GENERAL LIEN AND SECURITY INTEREST IN ANY SHIPMENT TENDERED TO MODE BY SHIPPER, THEN OR THEREAFTER IN MODE'S POSSESSION, CUSTODY OR CONTROL OR EN ROUTE. MODE WILL HAVE A GENERAL AND CONTINUING LIEN ON ANY AND ALL SHIPMENTS COMING INTO MODE'S ACTUAL OR CONSTRUCTIVE POSSESSION OR CONTROL FOR MONIES OWED TO MODE WITH REGARD TO THE SHIPMENT ON WHICH THE LIEN IS CLAIMED, AND ANY PRIOR SHIPMENTS TENDERED BY THE SHIPPER.  THIS GENERAL LIEN AND SECURITY INTEREST SHALL BE IN ADDITION TO ANY OTHER RIGHTS MODE HAS OR MAY ACQUIRE UNDER OTHER AGREEMENTS OR APPLICABLE LAW, AND SHALL SURVIVE DELIVERY OR RELEASE BY MODE OF ANY SPECIFIC PROPERTY OF SHIPPER.  MODE'S LIEN AND SECURITY INTEREST IN ANY SHIPMENT MAY BE ENFORCED BY MODE BY PUBLIC OR PRIVATE SALE AT THE EXPENSE OF AND WITHOUT NOTICE TO SHIPPER.

**e.** Shipper guarantees all freight charges including those which move on a freight collect basis. If an account has to be placed in the hands of an attorney or collection agency for collection, Shipper is liable for payment of all collection, attorney and court costs associated with the collection effort which will be added to the balance owed.

**f.** To the extent Shipper or Consignee utilizes a third-party to pay its freight charges (a  "Freight Payment Service"), and the freight charges paid to MODE  by the Freight Payment Service are clawed back or attempted to be clawed back, including, but not limited to, in a bankruptcy of the Freight Payment Service, Shipper agrees to remain liable to MODE for the freight charges, and to suspend and waive all time limits, including defenses based on the same, for pursuing freight charge claims that would otherwise be applicable to the freight charges.

**g.** Any claim for overcharges, duplicate payments, or otherwise challenging the freight charges billed by MODE must be asserted in writing within 180 days of MODE's first invoice for the freight charges, and to the extent it is not, is extinguished.

**2. Freight Charge Collect and C.O.D. Shipments.** If Shipper requests that MODE initially seek to collect freight charges from a third party, MODE may agree to do so in its sole discretion, but Shipper will remain directly liable to MODE for payment of all rates and charges regardless of any shipment documentation (including any bill of lading) to the contrary). Shipper will not tender any "C.O.D." shipments

and MODE shall not be responsible for the collection of any funds from the consignee to be transmitted back to Shipper.

**3. Selection of Third Parties.** MODE is authorized by Shipper to engage third parties to perform underlying services on any terms and conditions in MODE's sole discretion. Shipper acknowledges and agrees that underlying providers may limit recovery, including, but not limited to, for loss or damage to cargo.  In no event will MODE have any liability to Shipper or any third party with respect to the terms or conditions pursuant to which underlying providers perform services.  Selection of a third party by MODE shall not be construed as a warranty or representation by MODE that such third party will render services, nor shall MODE bear any liability for responsibility for the actions and/or inactions of any such third party.

**4. Cargo Loss or Damage and Limitations of Liability.** MODE is not a transporting carrier, is not liable for acts or omissions of third parties, and is not liable for loss, damage, delay or destruction to cargo except solely to the limited extent such liability is expressly assumed in this Article. However, if MODE in its sole discretion, determines that the carrier engaged by MODE is legally liable for a claim filed by Shipper with respect to cargo loss, damage, delay or destruction with respect to transportation arranged my MODE, then MODE may, as MODE's sole liability with respect to any such claim, advance payment of the cargo claim in accordance with the following criteria and limits:

**a.** For motor, intermodal or rail shipments wholly within the United States ("U.S. Shipments"), MODE's payment of a cargo loss or damage claim is subject to the provisions of 49 U.S.C. § 14706, 49 C.F.R. Part 370 (over-the-road shipments), and Part 1005 (rail shipments), and is further subject to a maximum of one hundred thousand U.S. dollars ($100,000) for any single trailer or container, and ten thousand U.S. dollars ($10,000) for any less-than-truckload shipment.

**b.** For motor, intermodal and rail shipments wholly within Canada or between the United States and Canada ("Canadian Shipments"), MODE's payment of a  cargo loss or damage claim is  subject to all defenses and immunities available to the underlying carrier arising by operation of law, contract or otherwise, and is further subject to a maximum of the lesser of i) the value of the goods at the place and time of shipment, including the freight and other charges if paid, ii) two Canadian dollars ($2.00 (CDN) per pound computed on the total weight of the lost or damaged portion of the shipment, iii) where the goods are carried by rail, any applicable rail carrier limitation of liability as prescribed in a Rail Circular (as defined below), tariff, confidential rate contract or similar document, or iv) one hundred thousand Canadian dollars ($100,000 CDN).

**c.** MODE Transportation, LLC is licensed as an Ocean Transportation Intermediary (OTI) by the Federal Maritime Commission (FMC) to provide export ocean freight forwarding services and international non-vessel operating common carrier (NVOCC) services.  MODE's liability for loss or damage to cargo for international ocean transportation services is as follows:

**1.** When MODE provides NVOCC services with respect to shipments moving through a U.S. port, MODE operates pursuant to its NVOCC tariffs and bill of lading terms and conditions, which are published at http//www.dmstradeservices.com and are available for review upon Shipper's request, and MODE's liability for the loss and damage to cargo is limited to five hundred U.S. dollars ($500) per package or customary freight unit pursuant to the U.S. Carriage of Goods by Sea Act (COGSA).

**2.** When providing international ocean services as an NVOCC on shipments not moving through a U.S. port, MODE's liability shall be determined pursuant to the terms and conditions of its NVOCC bill of lading that MODE has issued for the shipment, including, but not limited to the limitations of liability contained therein.

**3.** On all international ocean transportation shipments where MODE is not acting as a NVOCC and has not issued a NVOCC bill of lading, the Shipper's recourse for loss or damage claims to its shipments shall be against the ocean common carrier or NVOCC that handled the shipment and shall be subject to the terms and conditions, tariffs and bills of lading of those carriers, including, but not limited to, any limitations of liability contained therein.  Any and all liability of MODE to Shipper for claims for such international ocean shipments shall be limited to fifty U.S dollars ($50) per shipment.

**d.** Notwithstanding any other provision of these Terms of Service, and except as required by mandatory statute which cannot be waived, if Shipper has cargo insurance coverage to cover loss or damage to its shipment, then MODE shall have no liability whatsoever, or obligation to advance payment, for a cargo loss or damage claim.  Shipper's recourse for recovery on any loss or damage to its shipment shall be through its insurance company and not MODE.

**e.** (1) When arranging U.S. domestic or international air services (including joint air and surface transportation as part of a single continuous move) with respect to any shipments for which MODE has not issued an air waybill identifying MODE as the "Carrier," MODE's liability for any cargo loss or damage claims shall be limited to fifty U.S. dollars ($50) per shipment.  All U.S. domestic air shipments, meaning shipments that originate in, and are destined to, points in the United States or any territory, possession or commonwealth of the United States, shall be subject to the terms and conditions of the applicable tariffs and U.S. domestic air

waybill of the indirect air carrier or direct air carrier. All international air shipments shall be subject to the terms and conditions of the indirect air carrier or direct air carrier's international air waybill and tariffs governing the provisions of such services; (2) When arranging U.S. domestic air services (including joint air and surface transportation as part of a single continuous move) with respect to any shipments for which MODE has issued an air waybill identifying MODE as the "Carrier", MODE will be liable for cargo loss, damage and delay solely to the extent caused by MODE's failure to exercise reasonable care in respect of the cargo, in which case, MODE's liability will not exceed $.50 per pound per package unless additional value is declared and additional charges paid; and (3) When arranging international air services (including joint air and surface transportation as part of a single continuous move) with respect to any shipments for which MODE has issued an air waybill identifying MODE as the "Carrier", MODE's liability for cargo loss, damage and delay shall be solely governed by applicable international convention.

**f.** In addition to the terms otherwise stated herein, the following terms also apply to Frozen, Refrigerated, Temperature Controlled and Mixed shipments:

> **1.** "Frozen" means when products are shipped frozen and so stated on the bill of lading by Shipper. "Refrigerated" means when products are shipped refrigerated and so stated on the bill of lading by Shipper. "Temperature Controlled" means when products are shipped temperature controlled and so stated on the bill of lading by Shipper. "Mixed" means when products are shipped in mixed shipments of Frozen, Refrigerated or Temperature Controlled and so stated on the bill of lading by Shipper. While in the underlying carrier's custody and control, Frozen shipments will be transported at an equipment air temperature of 0 – 32 degrees Fahrenheit, Refrigerated shipments will be transported at an equipment air temperature of 33 – 45 degrees Fahrenheit, Temperature Controlled shipments will be transported at an equipment air temperature of 46-70 degrees Fahrenheit and Mixed shipments will be transported at the respective equipment air temperatures described above relative to the products shipped. Notwithstanding the temperature of the product at the time of acceptance by the underlying carrier, MODE and the underlying carrier shall only be responsible for maintaining the respective equipment air temperatures set forth above for Frozen, Refrigerated, Temperature Controlled or Mixed shipments, subject to any different temperature range set forth in Special Requirements (as defined below).

> **2.** MODE will not be liable for any cargo loss or damage involving Frozen, Refrigerated or Temperature Controlled shipments, unless (i) actual physical loss or damage to the cargo is established, and (ii) such actual physical loss or damage is due to an equipment mechanical failure that lasted in excess of twelve (12) consecutive hours.

**g.** When cargo is delivered to the consignee, the consignee must check the cargo to determine quantity being received and condition by close, careful observation. If cargo shortage or damage is found to exist, then a notation applicable to the discrepancy will be so noted by the consignee on the underlying carrier's copy of the delivery receipt. When offering a shipment for delivery, if any portion of the shipment bears any indication of having been pilfered, a joint inventory of contents shall be made by the underlying carrier's driver and consignee, and the results of inventory so noted on the underlying carrier's copy of the delivery receipt.

**h.** IN NO EVENT SHALL MODE BE LIABLE FOR LOST PROFIT, INDIRECT, INCIDENTAL, CONSEQUENTIAL OR SPECIAL DAMAGES OF ANY KIND. IN NO EVENT SHALL MODE BE LIABLE FOR ANY LOSS OR DAMAGE TO SHIPMENTS MOVING TO, FROM OR WITHIN MEXICO UNLESS, WITH RESPECT TO SHIPMENTS MOVING TO OR FROM MEXICO, THE CLAIMANT CAN PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE LOSS OR DAMAGE DID NOT OCCUR IN MEXICO. ANY PROVISIONS OF THESE TERMS TO THE CONTRARY NOTWITHSTANDING, IN NO EVENT WILL MODE HAVE ANY LIABILITY TO SHIPPER OR TO ANY THIRD PARTY FOR THE CONSEQUENCES OF IDENTITY THEFT OR FRAUDULENT OR CRIMINAL CONDUCT PERPETRATED BY THIRD PARTIES, INCLUDING ANY LIABILITY ARISING FROM MODE DOING BUSINESS OR SEEKING TO DO BUSINESS WITH A THIRD PARTY THAT HAS MISREPRESENTED ITS IDENTITY TO MODE.

**i.** All intermodal or rail shipments shall also be subject to the terms and conditions set forth in the applicable published intermodal circulars and directories of the rail carriers ("Rail Circulars"). Shipper is responsible to block and brace any intermodal or rail shipments according to the AAR (Association of American Railroad) guidelines; provided that for shipments wholly within Canada, Shipper is responsible to block and brace any such shipment as required by the applicable Canadian rail carrier.

**j.** The measure of loss or damage to freight hereunder shall be Shipper's replacement value applicable to the kind and quantity of the commodities in question, less salvage value. Claims or lawsuits for less than $100 shall not be filed and no claims shall be paid if the amount of the loss or damage is found to be less than $100.

**k.** Shipments are accepted as Shipper's load, count and seal. MODE shall have no liability whatsoever for cargo loss or damage (i) for shipments delivered with the seal intact or (ii) in the absence of evidence of actual physical cargo loss or damage. A variation in air equipment temperature for Frozen, Refrigerated, Temperature Controlled or Mixed shipments or a broken or damaged seal does not by itself constitute actual physical cargo loss or damage and does not create a presumption of actual physical loss or damage.

MODE is not liable for the payment of any claim for cargo loss or damage when products transported in dry equipment freeze or overheat.  No offsets from open invoices due MODE will be allowed as settlement for cargo loss and damage claims. Shipper has an obligation to mitigate its cargo loss and damage.

**l.** There will be a presumption that cargo delivered without any documentation of shortage or damage on the delivery receipt was delivered in good order and condition. The failure of Shipper to first notify MODE within the shorter of (a) as soon as commercially practical when Shipper becomes aware of cargo damage or loss (or within 5 days of delivery for concealed damages or within 24 hours from the time of delivery in the case of perishable commodities) or (b) within the time frame required by the underlying carrier, may, at MODE's discretion, result in the claim being denied. To report cargo loss or damage claims, please email claims@modeglobal.com.

**m.** The time period for filing a claim for cargo loss or damage is as follows:

**1.** Cargo loss or damage claims involving U.S. Shipments must be filed by Shipper with MODE within nine (9) months from the date of delivery (or of the date of anticipated delivery in the event of non-delivery) and claims filed after such nine (9) month period are not valid, subject to any shorter claim filing period required by the underlying carrier.

**2.** Cargo loss or damage claims involving Canadian Shipments must be filed within the earlier of (a) four (4) months of the date of delivery (or of the date of anticipated delivery in the event of nondelivery) of a rail or intermodal shipment or any such deadline set forth in the applicable underlying carrier's tariff, issued bill of lading or transport document, or (b)  sixty (60) days of the date of delivery (or of the date of anticipated delivery in the event of non-delivery) for shipments involving motor carriage or, in the case of intermodal shipments, where the cargo loss or damage occurs while the shipment is in the custody and control of the motor carrier.

**3.** Cargo loss or damage claims involving air transport must be filed within the time period required by the underlying carriers in their air waybills, tariffs and terms and conditions.

**4.** Cargo loss or damage claims involving international ocean transport shipments must be filed within sixty (60) days of the date of delivery.

**5.** All cargo loss or damage claims must be in writing and contain sufficient information to process the claim, including but not limited to, any and all information required by the underlying carrier in its terms and conditions, tariffs, bills of lading, and claims processing documents.

**6.** Any legal action for cargo loss or damage against MODE not arising out of air or ocean transportation must be instituted by Shipper against MODE within two (2) years from the first disallowance of the cargo claim by MODE or the underlying carrier, or the time limits set forth in the underlying carrier's bill of lading, terms and conditions, and other governing documents, whichever time period is shorter.

**7.** Any legal action for cargo loss or damage against MODE arising out of ocean transportation must be instituted within the shorter time period of either (a) the time set forth in the underlying carrier's tariff, bills of lading or terms and conditions or (b) eleven (11) months of the date of shipment.

**8.** Any legal action for cargo loss or damage against MODE arising out of air transportation must be instituted within the shorter time period of either (a) the time limit set forth in the air carrier's tariffs, air waybills or terms and conditions or (b) two (2) years from the initial date of shipment.

**n.** The rates provided to Shipper in connection with these terms are predicated on the underlying carriers selected by MODE being tendered freight released for cargo loss or damage at an amount not in excess of those amounts set forth in this Section. Shipper acknowledges that MODE has made available to Shipper the opportunity to pay a higher rate and thereby obtain greater levels of liability offered by MODE or the underlying carrier for cargo loss or damage. In the absence of the Shipper availing itself of that opportunity by entering into a written contract establishing a higher value signed by Shipper and a duly authorized executive of MODE, Shipper releases its shipments to the underlying carriers selected by MODE at the released values stated in this Section.

**o.** If Broker provides Shipper with the identity of its Carrier, its driver, the vehicle, or other information and Shipper does not confirm the identity of the Carrier, or the other information provided by Broker to Shipper, Broker shall not have any liability for shipments tendered by Shipper to a person or entity other than the identified Carrier. If Shipper is alerted to, discovers, or becomes aware that

fraud, theft, or other irregularities have occurred, or may have occurred, on a shipment or shipments on which Broker arranged transportation, Shipper will immediately communicate the information to Broker.  Shipper's failure to alert Broker to such a situation shall be a complete defense to repeat occurrences that could have been avoided by timely sharing the information with Broker.

**5. Accessorial Charges, Regulations and Penalties.** MODE and its underlying carriers have rules and charges respecting accessorial matters such as detention and storage which are available for review at Shipper's request. MODE shall not be responsible for the failure of Shipper to know such accessorial charges or rules. Unless accessorial charges have been caused by the sole act of MODE, Shipper shall be responsible for any such accessorial charges.

**6. Warehousing Terms and Conditions.** In the event MODE is directed by the Shipper to place any shipment in storage, or in the event MODE places such shipment in storage as a result of the Shipper's failure to pay MODE's billed charges, or as a result of Shipper's consignee refusing to accept delivery of the shipment, then SHIPPER GRANTS TO MODE A LIEN ON ALL SHIPMENTS SO HELD, SUCH LIEN TO BE NOTICED, EXERCISED AND DISCHARGED IN THE SAME MANNER AS IS APPLICABLE TO THE LIEN DESCRIBED HEREIN. Shipper authorizes MODE to arrange for storage and agrees to release any shipment placed in storage as described to a value of $0.10 per pound, with such released value taking precedence over any other value or measure of loss stated elsewhere herein and MODE's liability for loss or damage to all shipments so held shall be limited to $0.10 per pound and shall have no liability therefore unless MODE has failed to exercise reasonable care in respect of the goods.

**7. Restricted & Prohibited Commodities; Hazardous Material; Government Laws & Regulations.**

**a.** In addition to restricted commodities in the Rail Circulars, tariffs, and other governing documents of the underlying carriers, Shipper shall declare the following restricted commodities: automobiles and motorcycles; machinery; steel sheets, bars, pipes and coils; animal hides; chocolates and confectionery; alcoholic beverages (excluding beverages in bottles or cans); glass, glass products and other fragile goods; musical instruments, including, but not limited to pianos; frozen foods and boats (new and used).

**b.** In addition to prohibited commodities in the Rail Circulars, tariffs, and other governing documents of the underlying carriers, Shipper shall not tender to MODE shipments containing any of the following: mobile phones (to include parts of mobile phones such as, but not limited to circuit boards and memory cards); all circuit boards; valuable papers of any kind (including, but not limited to accounts, bills, documents, deeds, notes, securities, evidence of debt, letters of credit, tickets, passports, mechanical drawings or manuscripts); money, currency, bullion, gold, silver and other precious metals, diamonds, precious or semi-precious stones; furs or furtrimmed garments; fine arts; live animals; used equipment or machinery; tobacco or tobacco products; contraband property in the course of illegal transportation or trade; household goods and personal effects; fresh fish and seafood, fresh cut flowers or plants that have been removed from the root, and ice-cream products.

**c.** Shipper is responsible to declare any shipment that contains a hazardous material or dangerous good and ensure such shipments comply with all government laws, rules, ordinances or regulations, including, but not limited to, USDOT hazardous material regulations.  Shipper shall be solely responsible for complying with all other government laws, rules, regulations or ordinances imposed on offerors of such goods including, but not limited to U.S. Department of Transportation regulations applicable to a shipper of goods.

**d.** If Shipper fails to comply with any of subsections (a) – (c) above or otherwise fails to comply with the requirements of Shipper under these terms, MODE shall have no liability for any resulting loss or damage regardless of the cause of such loss or damage and Shipper shall be responsible to indemnify, defend and hold harmless MODE and its affiliates, subsidiaries and parent for any costs, fines, penalties, losses or damages made against or incurred by MODE associated with Shipper's failure to so comply, including, but not limited to environmental clean-up costs, legal costs (including attorney's fees) , fines, and penalties.

**8. Exclusions:** MODE will have no liability whatsoever for damage to or loss of cargo directly or indirectly caused by the following: nuclear activity (meaning nuclear reaction, nuclear radiation or radioactive contamination whether deliberate or accidental, controlled or uncontrolled or whether it contributed to or aggravated a covered loss or damage); terrorism; hidden or latent defects; asbestos (including loss or clean up caused by or resulting from asbestos or asbestos containing material); the presence, release, discharge or dispersal of pollutants; leakage, evaporation or shrinkage; breakage of glass or similar fragile property related to panes of glass; property being scented, discolored, soured or changed in flavor; normal wear and tear or cosmetic denting, marring or scratching to packaging; insufficient or unsuitable packaging material or preparation of goods being shipped; voluntary parting of the cargo whether by fraudulent scheme, trick, device or false pretense or for any event of force majeure, including, but not limited to flood, earthquake, storm and other Acts of God, fire, derailment, accident, strike, lockout, explosion, war, insurrection, riot, embargo, act of government or governmental agency or any cause that is beyond the control of MODE or the underlying carrier.

**9. Transportation of Food:** In addition to the terms otherwise stated herein, the following terms also apply to any shipment of food or dietary supplement intended for human or animal consumption and all raw materials and ingredients thereof covered under the Sanitary Transportation of Human and Animal Food rule issued under the Food Safety Modernization Act, currently codified at 21 USC 2201 (Chapter 27) and the Food, Drug & Cosmetic Act, currently codified at 21 USC 2201 (Chapter 9) (referred to as "FSMA") (each a "Food Shipment").

**a.** Shipper must provide MODE written notice at the time of tender if a shipment is a Food Shipment, and include any specifications for transporting or handling the Food Shipment, which specifications will be effective upon written acceptance by MODE executed by a duly authorized representative of MODE ("Special Instructions").  As between the parties, Shipper is solely responsible for identifying any Special Instructions and MODE shall have no such obligation. MODE's sole responsibility with respect to any Special Instructions is limited to providing such Special Instructions to the underlying motor carrier and to the underlying rail carrier as may be commercially feasible, provided, however, Shipper acknowledges and agrees that all Food Shipments are subject to the terms and requirements set forth in the Rail Circulars notwithstanding any Special Instructions to the contrary.

**b.** It is the sole responsibility of Shipper and Shipper warrants and represents that it will inspect the equipment used to transport each Food Shipment prior to loading to confirm that the equipment is in compliance with all Special Instructions and FSMA requirements applicable to each Food Shipment, and if the consignor or any other third party makes  available for Shipper any Food Shipment, Shipper will ensure such consignor or third party so confirms compliance with such Special Instructions and FSMA requirements.  MODE is not liable for the condition or the effects of use of any transportation equipment (including, without limitation, pallets, totes, and packaging).

**c.** Neither the failure nor alleged failure by the underlying carrier to comply with Special Instructions or any FSMA requirements nor the lack of the original seal at the time of delivery shall, in and of itself, result in any presumption that a Food Shipment is unsafe, contaminated, adulterated, damaged or otherwise unfit for its intended use or purpose unless there is evidence of actual, physical loss or damage to a Food Shipment. To the extent not otherwise prohibited by law, Shipper confirms it is obligated to mitigate damages for any loss or damage to a Food Shipment.

**d.** With respect to a Food Shipment for which Special Instructions include temperature control service, Shipper acknowledges and agrees that MODE's sole responsibility is to communicate the equipment temperature ranges to the underlying motor carrier and that the following carrier procedures are sufficient to ensure safe and sanitary handling of such Food Shipment: (a) pre-cooling of transportation units as set forth in the Special Requirements and (b) temperature readings, in the form of ambient air temperature taken inside the trailer or container, if any, will be the responsibility of the loader or receiver.  Food Shipments will not be loaded by Shipper at origin if the ambient air temperature within the trailer or container is not in accordance with Special Requirements.

**e.** If the ambient equipment air temperature or any other equipment condition materially fails to comply with any of  the Special Requirements, such non-compliance must be noted by the receiver or consignee on the shipping document at the time of delivery and if the Food Shipment is unsafe as a result of such material noncompliance, then Shipper shall be solely responsible to ensure that such Food Shipment is not entered into commerce for consumption. Shipper is liable for any damages, claims, liability, fines or penalties that may arise from Shipper's failure to comply with the requirements of this Section or its obligations under the FSMA and Shipper shall defend, indemnify and hold MODE harmless against same.

**10. Indemnification:** SHIPPER SHALL DEFEND, INDEMNIFY, AND HOLD HARMLESS MODE FROM AND AGAINST, AND SHALL PAY AND REIMBURSE MODE FOR ANY AND ALL DIRECT AND INDIRECT LIABILITIES, CLAIMS, LOSSES, EXPENSES, COSTS (INCLUDING ATTORNEY FEES) OR DAMAGES (FOR PURPOSES OF THIS PROVISION, "CLAIMS") INCURRED OR OCCASIONED BY (i) A BREACH BY THE SHIPPER OF ANY OF THE WARRANTIES CONTAINED HEREIN; (ii) THE FAILURE OF THE SHIPPER TO COMPLY WITH THESE PROVISIONS; (iii) MODE'S EXECUTION OF SHIPPER'S INSTRUCTIONS OR RELIANCE ON INFORMATION PROVIDED BY OR ON BEHALF OF SHIPPER; (iv) SHIPPER'S NEGLIGENCE OR WILLFUL MISCONDUCT; OR (v) CLAIMS, SEEKING TO IMPOSE LIABILITY WITH RESPECT TO LOSS, DAMAGE, DESTRUCTION, OR DELAY OF OR TO CARGO IN EXCESS OF ANY LIABILITY EXPRESSLY ASSUMED BY MODE HEREIN OR IN EXCESS OF ANY LIMITATION OF LIABILITY TO WHICH MODE IS ENTITLED HEREUNDER.  THE INDEMNITY OBLIGATIONS IN THIS PROVISION SHALL NOT APPLY TO THE EXTENT A CLAIM IS DETERMINED BY A COURT OF APPROPRIATE JURISDICTION TO HAVE BEEN CAUSED BY THE NEGLIGENCE OR WILLFUL MISCONDUCT OF MODE.

**11. Shipper Obligations.**

**a.** Shipper is either the owner or the authorized agent of the owner of the goods and Shipper is authorized to engage MODE on its own behalf and as agent for the owner of the goods under these terms and conditions;

**b.** The description and particulars of the goods provided by the Shipper, including but not limited to their marks, number, weight, volume and quantity, are complete and correct;

**c.** Shipper has verified the weight of the goods destined for transport on steamship lines by using properly calibrated and certified equipment and MODE is entitled to rely on the accuracy of such weight and to endorse such verified weight as agent of the Shipper;

**d.** The goods are properly marked and suitably packaged for normal handling, including any special handling requested by the Shipper if applicable, and the goods have been properly loaded in a suitable transport unit in suitable and good condition to carry the goods;

**e.** Any cargo that is hazardous, dangerous, noxious or has any potential to encourage vermin or taint other goods has been packaged, tendered and/or labeled in accordance with applicable governmental or industry rules and regulations and identified as such at the time of Shipper's request for services with respect to such goods;

**f.** Shipper is in compliance with all applicable laws and government rules and regulations, and has obtained any and all permits or licenses, related in any way to the transport of its goods, including, but not limited to, the U.S. Foreign Corrupt Practices Act, the U.S. Export Administration Regulations, the International Traffic in Arms Regulations, the U.S. Anti-Boycott regulations, the various U.S. economic sanctions programs administered by the U.S. Treasury's Office of Foreign Assets Control and any applicable laws or regulations of any country to, from, through or over which goods may be carried;

**g.** Shipper acknowledges that it is required to review all documents and declarations prepared and/or filed with any government agency and/or third parties for completeness and accuracy, and will immediately advise MODE of any errors, discrepancies, incorrect statements, or omissions on any declaration filed on Shipper's behalf;

**h.** In preparing and submitting customs entries, export declarations, applications, documentation and/or export data to the United States and/or a third party, MODE relies on the correctness of all documentation whether in written or electronic format and all information furnished by Shipper. The Shipper agrees that the Shipper has an affirmative non-delegable duty to disclose any and all information required by any party, including MODE, to import, export, or otherwise deal with the goods; and

**i.** Shipper acknowledges that it has the sole responsibility for maintaining records required of it by law or for use in its business and MODE shall have no obligations related thereto. MODE shall only be required to keep those records required of it by applicable laws or regulations and shall have no liability as to Shipper in the event that MODE fails to comply with such laws or regulations.

**j.** All information regarding pricing, rates, routes, and services is confidential and Shipper agrees, by tendering shipments to MODE, not to share the same with third parties, except as required by law, or as agreed in writing by MODE.  Any information received by Shipper, or its consignee, regarding MODE's pricing, rates, routes, and services shall be held in the strictest confidence until three years after the last shipment was transported by MODE for Shipper.

**12. Additional Provisions.**

**a.** Except for advancing payment of cargo loss or damage claims as set forth above, MODE assumes no responsibility for the service or performance of the underlying carrier. MODE does not guarantee shipment delivery dates or times and shall have no liability whatsoever for delay to shipments transported by the underlying carrier.

**b.** Each "in bond" shipment is handled subject to the underlying carrier's requirements as set forth in tariffs or separate agreements, copies of which can be viewed at the corporate headquarters of MODE.

**c.** Shipper shall immediately notify MODE of and work to remedy, at Shipper's own expense, any data security breach or suspected data security breach, and the parties shall coordinate with each other to investigate and resolve the situation.

**d.** To the extent not governed by the Interstate Commerce Commission Termination Act or other applicable federal statutes, the laws of the State of Florida shall govern the validity, construction and performance of these terms. Lawsuits shall be filed and litigated exclusively in the state or federal courts located in Duval County, Florida, and the Parties hereby consent to jurisdiction in these courts and agree that venue is proper exclusively in these courts.

**e.** Any cargo that is hazardous, dangerous, noxious or has any potential to encourage vermin or taint other goods has been packaged, tendered and/or labeled in accordance with applicable governmental or industry rules and regulations and identified as such at the time of Shipper's request for services with respect to such goods;

**f.** Shipper is in compliance with all applicable laws and government rules and regulations, and has obtained any and all permits or licenses, related in any way to the transport of its goods, including, but not limited to, the U.S. Foreign Corrupt Practices Act, the U.S. Export Administration Regulations, the International Traffic in Arms Regulations, the U.S. Anti-Boycott regulations, the various U.S. economic sanctions programs administered by the U.S. Treasury's Office of Foreign Assets Control and any applicable laws or regulations of any country to, from, through or over which goods may be carried;

**g.** Shipper acknowledges that it is required to review all documents and declarations prepared and/or filed with any government agency and/or third parties for completeness and accuracy, and will immediately advise MODE of any errors, discrepancies, incorrect statements, or omissions on any declaration filed on Shipper's behalf;

**h.** In preparing and submitting customs entries, export declarations, applications, documentation and/or export data to the United States and/or a third party, MODE relies on the correctness of all documentation whether in written or electronic format and all information furnished by Shipper. The Shipper agrees that the Shipper has an affirmative non-delegable duty to disclose any and all information required by any party, including MODE, to import, export, or otherwise deal with the goods; and

**i.** Shipper acknowledges that it has the sole responsibility for maintaining records required of it by law or for use in its business and MODE shall have no obligations related thereto. MODE shall only be required to keep those records required of it by applicable laws or regulations and shall have no liability as to Shipper in the event that MODE fails to comply with such laws or regulations.

**j.** All information regarding pricing, rates, routes, and services is confidential and Shipper agrees, by tendering shipments to MODE, not to share the same with third parties, except as required by law, or as agreed in writing by MODE. Any information received by Shipper, or its consignee, regarding MODE's pricing, rates, routes, and services shall be held in the strictest confidence until three years after the last shipment was transported by MODE for Shipper.

**13. Marketing Consent and Release.** Shipper hereby approves and consents to allow MODE to use Shipper's name, logo, and any written testimonial provided by Shipper on MODE's website and collateral material, including, but not limited to, social media platforms, promotional materials, and advertisements, whether in digital or print format. Shipper acknowledges that Shipper is not entitled to any monetary or other compensation in connection with the use of Shipper's name, logo or written testimonial. Shipper hereby grants to MODE all rights in any written testimonial which may be edited by MODE in its sole discretion, and Shipper hereby waives any right to approve the finished product. Shipper hereby releases MODE and its employees, officers, directors, members and agents from any and all claims and causes of action that arise out of or are related to MODE's use of Shipper's name, logo or written testimonial.

**14. Additional Provisions.**

**a.** Except for advancing payment of cargo loss or damage claims as set forth above, MODE assumes no responsibility for the service or performance of the underlying carrier. MODE does not guarantee shipment delivery dates or times and shall have no liability whatsoever for delay to shipments transported by the underlying carrier.

**b.** Each "in bond" shipment is handled subject to the underlying carrier's requirements as set forth in tariffs or separate agreements, copies of which can be viewed at the corporate headquarters of MODE.

**c.** Shipper shall immediately notify MODE of and work to remedy, at Shipper's own expense, any data security breach or suspected data security breach, and the parties shall coordinate with each other to investigate and resolve the situation.

**d.** To the extent not governed by the Interstate Commerce Commission Termination Act or other applicable federal statutes, the laws of the State of Florida shall govern the validity, construction and performance of these terms. Lawsuits shall be filed and litigated exclusively in the state or federal courts located in Duval County, Florida, and the Parties hereby consent to jurisdiction in these courts and agree that venue is proper exclusively in these courts.

**e.** Our collection, use, and disclosure of your personal information is governed by our Privacy Policy, which is available on our website and is incorporated into these terms by reference. By using our services, you acknowledge that you have read and agree to be bound by our Privacy Policy.

# EXHIBIT B

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:

DIVISION:

MODE TRANSPORTATION LLC,

      Plaintiff,

v.

JILLAMY, INC.,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC., AND JILLAMY
TRANSPORTATION, INC.,

      Defendants.

_____/

### **SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve upon the below-named Defendant this
**Summons and Complaint** filed in this action:

JILLAMY FULFILLMENT SERVICES, LLC
160 New Britain Blvd.
Chalfont, Pennsylvania 18914

      Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's
attorney, whose name and address is:

Darryl Harris
Greenberg Traurig, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801

within **20 days** after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**02/06/2026**

DATED: February ___, 2026.



(COURT SEAL)

JODY PHILLIPS
As Clerk of the Court

BY: _Rebecca Jackson_
As Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Filing # 241018224 E-Filed 02/04/2026 04:36:35 PM

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:

DIVISION:

MODE TRANSPORTATION LLC,

      Plaintiff,

v.

JILLAMY, INC.,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC., AND JILLAMY
TRANSPORTATION, INC.,

      Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve upon the below-named Defendant this
**Summons and Complaint** filed in this action:

JILLAMY, INC.
160 New Britain Blvd.
Chalfont, Pennsylvania 18914

      Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's
attorney, whose name and address is:

Darryl Harris
Greenberg Traurig, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801

within **20 days** after service of this summons on that Defendant, exclusive of the day of service,
and to file the original of the defenses with the Clerk of this Court either before service on

Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**02/06/2026 11:33:58**
DATED: February____, 2026.



(COURT SEAL)

JODY PHILLIPS
As Clerk of the Court

BY: _____
As Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

2

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:

DIVISION:

MODE TRANSPORTATION LLC,

     Plaintiff,

v.

JILLAMY, INC.,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC., AND JILLAMY
TRANSPORTATION, INC.,

     Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

     **YOU ARE HEREBY COMMANDED** to serve upon the below-named Defendant this
**Summons and Complaint** filed in this action:

JILLAMY PACKAGING & WAREHOUSE, INC.
160 New Britain Blvd.
Chalfont, Pennsylvania 18914

     Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's
attorney, whose name and address is:

Darryl Harris
Greenberg Traurig, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801

within **20 days** after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**02/06/2026**
DATED: February ___, 2026.



JODY PHILLIPS
As Clerk of the Court

(COURT SEAL)

BY: _Rebecca Jackson_____
As Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

2

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:

DIVISION:

MODE TRANSPORTATION LLC,

      Plaintiff,

v.

JILLAMY, INC.,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC., AND JILLAMY
TRANSPORTATION, INC.,

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve upon the below-named Defendant this
**Summons and Complaint** filed in this action:

JILLAMY TRANSPORTATION, INC
160 New Britain Blvd.
Chalfont, Pennsylvania 18914

      Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's
attorney, whose name and address is:

Darryl Harris
Greenberg Traurig, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801

within **20 days** after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**02/06/2026**
DATED: February ___, 2026.



JODY PHILLIPS
As Clerk of the Court

(COURT SEAL)

BY:_____
As Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

# EXHIBIT C

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FOURTH</u>    JUDICIAL CIRCUIT,
IN AND FOR <u>DUVAL</u>    COUNTY, FLORIDA

<u>MODE TRANSPORTATION LLC</u>
Plaintiff

Case # _____

Judge _____

vs.

<u>JILLAMY INC, JILLAMY FULFILLMENT SERVICES LLC, JILLAMY PACKAGING & WAREHOUSE INC, JILLAMY TRANSPORTATION INC</u>
 Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE        (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
 ☐ Business governance
 ☐ Business torts
 ☐ Environmental/Toxic tort
 ☐ Third party indemnification
 ☐ Construction defect
 ☐ Mass tort
 ☐ Negligent security
 ☐ Nursing home negligence
 ☐ Premises liability—commercial
 ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
 ☐ Commercial foreclosure
 ☐ Homestead residential foreclosure
 ☐ Non-homestead residential foreclosure
 ☐ Other real property actions

☐ Professional malpractice
 ☐ Malpractice—business
 ☐ Malpractice—medical
 ☐ Malpractice—other professional
☐ Other
 ☐ Antitrust/Trade regulation
 ☐ Business transactions
 ☐ Constitutional challenge—statute or ordinance
 ☐ Constitutional challenge—proposed amendment
 ☐ Corporate trusts
 ☐ Discrimination—employment or other
 ☐ Insurance claims
 ☐ Intellectual property
 ☐ Libel/Slander
 ☐ Shareholder derivative action
 ☐ Securities litigation
 ☐ Trade secrets
 ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Darryl Bernard Harris          Fla. Bar # 1058987
        Attorney or party                              (Bar # if attorney)

Darryl Bernard Harris                    02/04/2026
 (type or print name)                    Date

- 3 -

# EXHIBIT D

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY, FLORIDA

**MODE TRANSPORTATION LLC**

    *Plaintiff(s) / Petitioner(s)*

v.

                                                Case No.:

**JILLAMY, INC., JILLAMY FULFILLMENT SERVICES,**     16-2026-CA-000860-AXXX-MA
**LLC, JILLAMY PACKAGING & WAREHOUSE, INC., AND**
**JILLAMY TRANSPORTATION, INC.**

    *Defendant(s) / Respondent(s)*

## <u>VERIFIED RETURN OF SERVICE</u>

I, Glenn DePretis, state:

I am 18 years or older and not a party to this action.

I received the following documents on February 6, 2026, at 12:44 pm. I served these documents with my initials, identification number, and the date and hour of service endorsed thereon to Jillamy Fulfillment Services, LLC in Bucks County, PA on February 6, 2026 at 1:50 pm at 160 New Britain Blvd, Chalfont, PA 18914-1832 by leaving the following documents with Chrissy Issacson who as Intake specialist is authorized by appointment or by law to receive service of process for Jillamy Fulfillment Services, LLC.

2026.02.04 _D3_ Summons Issued Jillamy Fulfillment Services_ LLC(718814241.1).pdf
2026.02.04 _D7_ Complaint(718814598.1).pdf
2026.02.04 - Cover Sheet(718814156.1).pdf

Additional Description:
Employee of the Registered Agent: LIMITED LIABILITY COMPANY SERVICE: I served and explained the contents to an employee of the registered agent pursuant to F.S. 48.062(1)

Race: White, Sex: Female, Est. Age: 45-54, Hair: Blonde, Glasses: Y, Est. Weight: 120 lbs to 140 lbs, Est. Height: 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=40.2856056352,-75.2448299068
Photograph: See Exhibit 1

Total Cost: $225.00

Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing and the facts stated there are true. I am over the age of 18, have no interest in the above action, and am a Certified/Appointed/Specially Appointed Process Server in good standing in the county in which service was made. Notary not required pursuant to F.S. § 92.525

Executed in

_Montgomery County_____ ,

_PA_____ on _2/6/2026_____ .

/s/ *Glenn DePretis*
_____
Signature
Glenn DePretis
+1 (267) 417-7080
1500 Chestnut St, 3210, Philadelphia , PA 19102



IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:

DIVISION:

MODE TRANSPORTATION LLC,

      Plaintiff,

v.

JILLAMY, INC.,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC., AND JILLAMY
TRANSPORTATION, INC.,

      Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve upon the below-named Defendant this
**Summons and Complaint** filed in this action:

JILLAMY FULFILLMENT SERVICES, LLC
160 New Britain Blvd.
Chalfont, Pennsylvania 18914

      Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's
attorney, whose name and address is:

Darryl Harris
Greenberg Traurig, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801

within **20 days** after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**02/06/2026**

DATED: February ___, 2026.



(COURT SEAL)

JODY PHILLIPS
As Clerk of the Court

BY: _Rebecca Jackson_

As Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

2

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

**MODE TRANSPORTATION LLC**

    *Plaintiff(s) / Petitioner(s)*

v.

                                                   Case No.:

**JILLAMY, INC., JILLAMY FULFILLMENT SERVICES,**    16-2026-CA-000860-AXXX-MA
**LLC, JILLAMY PACKAGING & WAREHOUSE, INC., AND**
**JILLAMY TRANSPORTATION, INC.**

    *Defendant(s) / Respondent(s)*

<u>**VERIFIED RETURN OF SERVICE**</u>

I, Alicia Lynch, state:

I am 18 years or older and not a party to this action.

I received the following documents on February 6, 2026, at 1:05 pm. I served these documents with my initials, identification number, and the date and hour of service endorsed thereon to Jillamy, Inc. in Bucks County, PA on February 6, 2026 at 6:16 pm at 160 New Britain Blvd, Chalfont, PA 18914-1832 by leaving the following documents with Chris Heiserman who as Office Manager is authorized by appointment or by law to receive service of process for Jillamy, Inc..

Summons Issued- Jillamy Inc.
Complaint, and Exhibit-A
Cover Sheet

Additional Description:
CORPORATE SERVICE: I served and explained the contents to an employee
of the defendant Corporation failing to comply with F.S. 48.091 in the absence of the registered agent or any superior officers pursuant to F.S. 48.081(3)(a)

Race: White, Sex: Male, Est. Age: 45-54, Hair: White, Glasses: N, Est. Weight: 180 lbs to 200 lbs, Est. Height: 5' 9" to 6'.
Geolocation of Serve: https://google.com/maps?q=40.285129165,-75.2446921909
Photograph: See Exhibit 1

Total Cost: $225.00

Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing and the facts stated there are true. I am over the age of 18, have no interest in the above action, and am a Certified/Appointed/Specially Appointed Process Server in good standing in the county in which service was made. Notary not required pursuant to F.S. § 92.525

Executed in

__Philadelphia County_____,

__PA___ on __2/9/2026_____.

_/s/ Alicia Lynch_____

Signature
Alicia Lynch
+1 (267) 267-1305
6155 Oakley St, Philadelphia, PA 19111



Exhibit 1a)

Filing # 241018224 E-Filed 02/04/2026 04:36:35 PM

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:

DIVISION:

MODE TRANSPORTATION LLC,

      Plaintiff,

v.

JILLAMY, INC.,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC., AND JILLAMY
TRANSPORTATION, INC.,

      Defendants.

_____/

## <u>SUMMONS</u>

THE STATE OF FLORIDA
To Each Sheriff of the State:

     **YOU ARE HEREBY COMMANDED** to serve upon the below-named Defendant this **Summons and Complaint** filed in this action:

JILLAMY, INC.
160 New Britain Blvd.
Chalfont, Pennsylvania 18914

     Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is:

Darryl Harris
Greenberg Traurig, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801

within **20 days** after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on

Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**02/06/2026 11:33:58**
DATED: February____, 2026.



JODY PHILLIPS
As Clerk of the Court

(COURT SEAL)

BY: _Rebecca Jackson_____

As Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY, FLORIDA

**MODE TRANSPORTATION LLC**

    *Plaintiff(s) / Petitioner(s)*

v.

                                                    Case No.:

**JILLAMY, INC., JILLAMY FULFILLMENT SERVICES,**    16-2026-CA-000860-AXXX-MA
**LLC, JILLAMY PACKAGING & WAREHOUSE, INC., AND**
**JILLAMY TRANSPORTATION, INC.**

    *Defendant(s) / Respondent(s)*

<u>**VERIFIED RETURN OF SERVICE**</u>

I, Alicia Lynch, state:

I am 18 years or older and not a party to this action.

I received the following documents on February 6, 2026, at 1:05 pm. I served these documents with my
initials, identification number, and the date and hour of service endorsed thereon to Jillamy Packaging &
Warehouse, Inc. in Bucks County, PA on February 6, 2026 at 6:17 pm at 160 New Britain Blvd, Chalfont,
PA 18914-1832 by leaving the following documents with Chris Heiserman who as MANAGER is authorized
by appointment or by law to receive service of process for Jillamy Packaging & Warehouse, Inc..

Summons
Complaint
Cover Sheet

Additional Description:
**CT CORP** Explained the contents to an employee of registered agent company (CT or law firm/CPA
etc.) CORPORATE SERVICE: I served an employee of the registered agent company pursuant to F.S.
48.081(3)(a)

Race: White, Sex: Male, Est. Age: 45-54, Hair: White, Glasses: N, Est. Weight: 180 lbs to 200 lbs, Est.
Height: 5' 9" to 6'.
Geolocation of Serve: https://google.com/maps?q=40.2850952167,-75.2446518
Photograph: See Exhibit 1

Total Cost: $225.00

Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing
and the facts stated there are true. I am over the age of 18, have no interest in the above action, and am a
Certified/Appointed/Specially Appointed Process Server in good standing in the county in which service was
made. Notary not required pursuant to F.S. § 92.525

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 02/12/2026 10:21:41 AM

Executed in

_Philadelphia County_____,

__PA____ on __2/9/2026_____.

/s/ *Alicia Lynch*
_____
Signature
Alicia Lynch
+1 (267) 267-1305
6155 Oakley St, Philadelphia, PA 19111



Exhibit 1a)

Filing # 241018224 E-Filed 02/04/2026 04:36:35 PM

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:

DIVISION:

MODE TRANSPORTATION LLC,

     Plaintiff,

v.

JILLAMY, INC.,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC., AND JILLAMY
TRANSPORTATION, INC.,

     Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

     **YOU ARE HEREBY COMMANDED** to serve upon the below-named Defendant this
**Summons and Complaint** filed in this action:

JILLAMY PACKAGING & WAREHOUSE, INC.
160 New Britain Blvd.
Chalfont, Pennsylvania 18914

     Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's
attorney, whose name and address is:

Darryl Harris
Greenberg Traurig, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 02/06/2026 11:31:29 AM

within **20 days** after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**02/06/2026**
DATED: February ___, 2026.

(COURT SEAL)



JODY PHILLIPS
As Clerk of the Court

BY: *Rebecca Jackson*
As Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

**MODE TRANSPORTATION LLC**

    *Plaintiff(s) / Petitioner(s)*

v.

                                 Case No.:

**JILLAMY, INC., JILLAMY FULFILLMENT SERVICES,**    16-2026-CA-000860-AXXX-MA
**LLC, JILLAMY PACKAGING & WAREHOUSE, INC., AND**
**JILLAMY TRANSPORTATION, INC.**

    *Defendant(s) / Respondent(s)*

## <u>VERIFIED RETURN OF SERVICE</u>

I, Jayson Young, state:

I am 18 years or older and not a party to this action.

I received the following documents on February 6, 2026, at 2:07 pm. I served these documents with my initials, identification number, and the date and hour of service endorsed thereon to Jillamy Transportation, Inc. in Bucks County, PA on February 7, 2026 at 8:36 pm at 160 New Britain Blvd, Chalfont, PA 18914-1832 by leaving the following documents with Chrissy Isaacson who as Receptionist is authorized by appointment or by law to receive service of process for Jillamy Transportation, Inc..

Summons
Complaint
Cover Sheet

Additional Description:
CORPORATE SERVICE: I served and explained the contents to an employee of the defendant Corporation failing to comply with F.S. 48.091 in the absence of the registered agent or any superior officers pursuant to F.S. 48.081(3)(a)

Race: White, Sex: Female, Est. Age: 35-44, Hair: Unknown, Glasses: N, Est. Weight: Unknown, Est. Height: 5' 3" to 5' 6".
Geolocation of Serve: https://google.com/maps?q=40.2854659805,-75.2449098159
Photograph: See Exhibit 1

Total Cost: $225.00

Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing and the facts stated there are true. I am over the age of 18, have no interest in the above action, and am a Certified/Appointed/Specially Appointed Process Server in good standing in the county in which service was made. Notary not required pursuant to F.S. § 92.525

Executed in

_Philadelphia County_,

__PA__ on __2/10/2026__.

/s/ *Jayson Young*
_____

Signature
Jayson Young
+1 (267) 970-9928
2544 n Sydenham st , Philadelphia , PA 19132



Exhibit 1a)

Filing # 241018224 E-Filed 02/04/2026 04:36:35 PM

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:

DIVISION:


MODE TRANSPORTATION LLC,

      Plaintiff,

v.

JILLAMY, INC.,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC., AND JILLAMY
TRANSPORTATION, INC.,

      Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve upon the below-named Defendant this
**Summons and Complaint** filed in this action:

JILLAMY TRANSPORTATION, INC
160 New Britain Blvd.
Chalfont, Pennsylvania 18914

      Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's
attorney, whose name and address is:

Darryl Harris
Greenberg Traurig, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 02/06/2026 11:31:29 AM

within **20 days** after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**02/06/2026**
DATED: February ____, 2026.



JODY PHILLIPS
As Clerk of the Court

(COURT SEAL)

BY: _Rebecca Jackson_____
As Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

# EXHIBIT E

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO:

MODE TRANSPORTATION LLC,

      Plaintiff,

v.

JILLAMY, INC,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC, AND JILLAMY
TRANSPORTATION, INC,

      Defendants.

_____/

## DECLARATION OF THEODORE KURIGER

Theodore Kuriger declares, under penalty of perjury pursuant to 28 U.S.C. ¶ 1746, as follows:

1.     I, along with Christian Kiefer, am a member of Defendant, Jillamy Fulfillment Services, LLC. We are the sole members of that entity.

2.     I am a citizen and permanent resident of the State of Pennsylvania. I am registered to vote in Pennsylvania.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 26, 2026

_____

Theodore Kuriger

# EXHIBIT F

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CASE NO:

MODE TRANSPORTATION LLC,

      Plaintiff,

v.

JILLAMY, INC,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC, AND JILLAMY
TRANSPORTATION, INC,

      Defendants.

_____/

## DECLARATION OF CHRISTIAN KIEFER

Christian Kiefer declares, under penalty of perjury pursuant to 28 U.S.C. ¶ 1746, as follows:

1.    I, along with Theodore Kuriger, am a member of Defendant, Jillamy Fulfillment Services, LLC. We are the sole members of that entity.

2.    I am a citizen and permanent resident of the State of Pennsylvania. I am registered to vote in Pennsylvania.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 26, 2026

_____

Christian Kiefer

# EXHIBIT G

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

CASE NO:

MODE TRANSPORTATION LLC,

      Plaintiff,

v.

JILLAMY, INC,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC, AND JILLAMY
TRANSPORTATION, INC,

      Defendants.

_____/

## DECLARATION OF THOMAS E. BUTLER

Thomas Butler declares, under penalty of perjury pursuant to 28 U.S.C. ¶ 1746, as follows:

1.     I am lead counsel for the Defendants in this action.

2.     As disclosed by Plaintiff in a recent federal court filing (see Ex. A hereto), the parent of Plaintiff Mode Transportation LLC is Mode Global LLC.

3.    The 2026 Foreign Limited Liability Annual Report filed by Plaintiff with the Florida Secretary of State shows Mode Global LLC to be the sole member and manager of Plaintiff.  See Ex. B hereto.

4.    The Delaware Department of State, Division of Corporations, shows Mode Global LLC to be a Delaware limited liability company.

5.    I have been advised by counsel for Plaintiff that the sole member of Mode Global, LLC is Sunteck Blocker Inc., a Delaware corporation, and that Sunteck Blocker Inc.'s principal place of business is in Dallas, Texas.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 26, 2026

_____
Thomas E. Butler

# BUTLER DECLARATION EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

MODE TRANSPORTATION, LLC,

          Plaintiff,

  v.

CAPITAL LOGISTICS & WAREHOUSING GROUP
INC., CAPITAL LOGISTICS SERVICES INC.,
CAPITAL LOGISTICS & WAREHOUSING EAST
INC., CAPITAL LOGISTICS & WAREHOUSING
WEST INC., CAPITAL FREIGHT SYSTEMS INC.,
CAPITAL LOGISTICS FREIGHT SERVICES INC.,
CAPITAL LOGISTICS SERVICES WEST INC.,
CAPITAL LOGISTICS SERVICES EAST INC.,
CAPITAL LOGISTICS SERVICES SOUTH INC.,
CAPITAL WAREHOUSING SERVICES INC.,
CAPITAL PERFORMANCE GROUP EAST INC.,
CAPITAL PERFORMANCE GROUP SOUTH INC.,
CAPITAL PERFORMANCE GROUP WEST INC.,
CAPITAL PERFORMANCE FREIGHT SERVICES
INC., CAPITAL PERFORMANCE SERVICES INC.,
PAUL GREENSPAN, SUNIL DHANRAJ, MARTIN
J. LINKLETTER, ABC CORPORATIONS, the
fictitious names of entities whose present identity is
not known, and John Does 1-5, the fictitious names of
individuals whose present identity is not known,

          Defendants.

Case No.:

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1(a)(1), a disclosure statement is required

to be filed by any non-government corporate party, including those seeking to intervene.

The undersigned counsel certifies that MODE TRANSPORTATION, LLC is a non-

governmental corporation and that:

This party's parent corporation, and all publicly held corporations owning 10% or more

of this party's stock, are listed here:

1.      MODE Global LLC – MODE Global LLC is not a publicly traded entity.

Dated: January 28, 2026
        Montclair, New Jersey

                        CASEY & BARNETT LLC
                        *Attorneys for Plaintiff, MODE Transportation, LLC*


                        By:_____
                                Teresa H. Dooley
                        P.O. Box 43481
                        Montclair,  NJ 07043
                        (646) 362-8926
                        td@caseybarnett.com

# BUTLER DECLARATION EXHIBIT B

# 2026 FOREIGN LIMITED LIABILITY COMPANY ANNUAL REPORT

DOCUMENT# M11000001974

**FILED**

**Feb 04, 2026**
**Secretary of State**
**6550066012CC**

**Entity Name:** MODE TRANSPORTATION, LLC

**Current Principal  Place of Business:**

14785 PRESTON ROAD
 SUITE 850
DALLAS,  TX  75254

**Current Mailing Address:**

14785 PRESTON ROAD
 SUITE 850
DALLAS,  TX  75254  US

**FEI Number: 35-1712356**                                **Certificate of Status Desired:**  No

**Name and Address of Current Registered Agent:**

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL  32301-2525  US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE: _____

　　　　　　　Electronic Signature of Registered Agent                                                              Date

**Authorized Person(s) Detail :**

| | |
|---|---|
| Title | MEMBER, MANAGER |
| Name | MODE GLOBAL, LLC |
| Address | 4500 SALISBURY ROAD<br> SUITE 305 |
| City-State-Zip: | JACKSONVILLE  FL  32216 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: SHARON JOHNSON                          AUTHORIZED                     02/04/2026
                                                                            REPRESENTATIVE
_____
Electronic Signature of Signing Authorized Person(s) Detail                                              Date