Filing # 241018224 E-Filed 02/04/2026 04:36:35 PM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FOURTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>DUVAL</u>   COUNTY, FLORIDA

<u>MODE TRANSPORTATION LLC</u>
Plaintiff

Case # _____
Judge  _____

vs.

<u>JILLAMY INC, JILLAMY FULFILLMENT SERVICES LLC, JILLAMY PACKAGING &</u>
<u>WAREHOUSE INC, JILLAMY TRANSPORTATION INC</u>
Defendant

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 02/06/2026 11:31:29 AM

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
     ☐ Residential Evictions
     ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Darryl Bernard Harris     Fla. Bar # 1058987
     Attorney or party         (Bar # if attorney)

Darryl Bernard Harris     02/04/2026
(type or print name)     Date

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:

DIVISION:

MODE TRANSPORTATION LLC,

      Plaintiff,

v.

JILLAMY, INC.,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC., AND JILLAMY
TRANSPORTATION, INC.,

      Defendants.
_____/

## <u>SUMMONS</u>

THE STATE OF FLORIDA
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve upon the below-named Defendant this
**Summons and Complaint** filed in this action:

JILLAMY FULFILLMENT SERVICES, LLC
160 New Britain Blvd.
Chalfont, Pennsylvania 18914

      Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's
attorney, whose name and address is:

Darryl Harris
Greenberg Traurig, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801

within **20 days** after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**02/06/2026**

DATED: February ____, 2026.



(COURT SEAL)

JODY PHILLIPS
As Clerk of the Court

BY: _Rebecca Jackson_____
As Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

2

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.:

DIVISION:

MODE TRANSPORTATION LLC,

      Plaintiff,

v.

JILLAMY, INC.,
JILLAMY FULFILLMENT SERVICES, LLC, JILLAMY PACKAGING & WAREHOUSE, INC., AND JILLAMY TRANSPORTATION, INC.,

      Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve upon the below-named Defendant this **Summons and Complaint** filed in this action:

JILLAMY, INC.
160 New Britain Blvd.
Chalfont, Pennsylvania 18914

      Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is:

Darryl Harris
Greenberg Traurig, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801

within **20 days** after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on

Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**02/06/2026 11:33:58**
DATED: February____, 2026.



JODY PHILLIPS
As Clerk of the Court

(COURT SEAL)

BY: _Rebecca Jackson_____
As Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:

DIVISION:


MODE TRANSPORTATION LLC,

     Plaintiff,

v.

JILLAMY, INC.,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC., AND JILLAMY
TRANSPORTATION, INC.,

     Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

     **YOU ARE HEREBY COMMANDED** to serve upon the below-named Defendant this **Summons and Complaint** filed in this action:

JILLAMY PACKAGING & WAREHOUSE, INC.
160 New Britain Blvd.
Chalfont, Pennsylvania 18914


     Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is:

Darryl Harris
Greenberg Traurig, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801

within **20 days** after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**02/06/2026**
DATED: February ___, 2026.



(COURT SEAL)

JODY PHILLIPS
As Clerk of the Court

BY: *Rebecca Jackson*
      As Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:

DIVISION:

MODE TRANSPORTATION LLC,

      Plaintiff,

v.

JILLAMY, INC.,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC., AND JILLAMY
TRANSPORTATION, INC.,

      Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve upon the below-named Defendant this **Summons and Complaint** filed in this action:

JILLAMY TRANSPORTATION, INC
160 New Britain Blvd.
Chalfont, Pennsylvania 18914

      Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is:

Darryl Harris
Greenberg Traurig, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801

within **20 days** after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**02/06/2026**
DATED: February ___, 2026.



JODY PHILLIPS
As Clerk of the Court

(COURT SEAL)

BY: _Rebecca Jackson_____
As Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION**

**MODE TRANSPORTATION LLC,**

      **Plaintiff,**

**vs.**                                   **CASE NO.**

**JILLAMY, INC.,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC., AND JILLAMY
TRANSPORTATION, INC.,**

      **Defendants.**

_____/

## COMPLAINT

Plaintiff MODE Transportation LLC ("MODE"), by and through undersigned counsel, hereby brings this action for breach of contract against Defendants Jillamy, Inc. ("Jillamy, Inc."), Jillamy Fulfillment Services, LLC ("Jillamy Fulfillment"), Jillamy Packaging & Warehouse, Inc. ("Jillamy Packaging"), and Jillamy Transportation, Inc. ("Jillamy Transportation") (together, "Defendants"), and in support states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to section 26.012, Florida Statutes, because the amount in controversy exceeds $50,000.00, exclusive of interest, costs, and attorneys' fees. Accordingly, this Court has jurisdiction over this matter.

2. All invoices at issue in this case are governed by MODE's terms of service agreement (the "Agreement"), a copy of which is attached hereto as Exhibit A.

3.      The Court has personal jurisdiction over Defendants because the Agreement provides that "[l]awsuits shall be filed and litigated exclusively in the state or federal courts located in Duval County, Florida, and the Parties hereby consent to jurisdiction in these courts and agree that venue is proper exclusively in these courts."

4.      Venue is proper in Duval County, Florida pursuant to the Agreement and Fla. Stat. § 47.051.

<u>**PARTIES**</u>

5.      MODE is a limited liability company organized under the laws of the State of Delaware. Its principal place of business is located at 14785 Preston Road, Suite 850, Dallas, Texas, 75254.

6.      Jillamy, Inc. is a Pennsylvania corporation and is headquartered in Pennsylvania. Its principal place of business is located at 160 New Britain Blvd., Chalfont, Pennsylvania, 18914. Jillamy, Inc. is the parent company of many of the other Defendants.

7.      Jillamy Fulfillment is a Pennsylvania limited liability company organized under the laws of the State of Pennsylvania. Its registered office is located at 160 New Britain Blvd., Chalfont, Pennsylvania, 18914.

8.      Jillamy Packaging is a Pennsylvania corporation and is headquartered in Pennsylvania. Its principal place of business is located at 160 New Britain Blvd., Chalfont, Pennsylvania, 18914.

9.      Jillamy Transportation is a New Jersey corporation and is headquartered in Pennsylvania. Its principal place of business is located at 160 New Britain Blvd., Chalfont, Pennsylvania, 18914.

2

## FACTUAL ALLEGATIONS

10.     MODE is a leader in the freight brokerage and logistics industry. Through MODE's family of brands, MODE provides exceptional service with a focus on customer service. MODE provides full truckload, intermodal, less-than-truckload, ocean, air, and parcel freight brokerage services.

11.     Defendants perform a number of functions, including but not limited to a number of transportation services, including trucking and warehousing.

**A.     Background**

12.     Each of the Defendants is co-owned by Theodore Kuriger ("Kuriger") and Christian Kiefer ("Kiefer"), either directly or indirectly.

13.     To MODE's knowledge, Kuriger and Kiefer also serve as officers for each of the Defendants.

14.     Kuriger and Kiefer are currently involved in several lawsuits with MODE involving, among other things, alleged breaches of their restrictive covenants with MODE.

15.     Defendants have refused to pay numerous open invoices in an attempt to gain Kuriger and Kiefer an advantage in their pending lawsuits against MODE.

**B.     The Service Terms**

16.     MODE performs services for Defendants pursuant to the parties' agreed terms of service.

17.     MODE sent Defendants invoices for the services MODE performed for them on a per shipment, or sometimes weekly, basis, for transportation services provided.

18.     Each invoice states that "[a]ll shipments here under are also subject to the terms of service located at: https://www.Modetransportation.Com/terms-of-service/ and

incorporated herein by reference as such terms of service may be modified from time to time by mode transportation without notice to you."

19.    The Agreement (Exhibit A) is what the user is directed to if they use the link above.

20.    The invoices contained information regarding how to remit payment to MODE, and provided contact information for inquiries regarding invoices.

21.    Pursuant to the Agreement, MODE has performed various services for Defendants, including but not limited to, full truckload, less than truckload, intermodal, drayage, ocean, air, and parcel brokered transportation services.

22.    The Agreement provides that "[i]n consideration of services provided by MODE on each shipment, Shipper[1] hereby agrees to be bound to the terms contained herein," and that "[s]aid terms may not be changed except in writing signed by a duly authorized executive employee of MODE."

23.    The Agreement further provides:

The rates and charges of MODE are subject to change without notice. MODE's standard payment terms require **receipt of cash in advance of performance**. In the event that MODE, in its sole discretion, extends credit to Shipper, which is defined as permitting Shipper to pay for service within a specified period of time after performance by MODE, payment of any MODE invoice, **payment of any MODE invoice must be made within 30 days of the invoice date in full and without deduction or offset**. MODE may cancel credit in its sole discretion at any time, including after provision of services. Failure to meet this requirement may result in a loss of credit. Should no payment be received within 30 days of the invoice date, interest in the amount of 1.5% per month may be assessed commencing with the 31st day following the invoice date. Payment of MODE invoices shall be in currency of the United States and Canada only, as applicable.

---

[1] "Shipper" is defined as "the person for which MODE is rendering service, as well as its agent and/or representative, including, but not limited to, shippers, owners, notify parties, importers, exporters, consignees, etc." In this case, that includes the Defendants.

(Agreement, § 1(b) (emphasis added).

24.   The Agreement also contains the following indemnification provision:

SHIPPER SHALL DEFEND, INDEMNIFY, AND HOLD HARMLESS MODE
FROM AND AGAINST, AND SHALL PAY AND REIMBURSE MODE FOR
ANY AND ALL DIRECT AND INDIRECT LIABILITIES, CLAIMS, LOSSES,
EXPENSES, COSTS (INCLUDING ATTORNEY FEES) OR DAMAGES
(FOR PURPOSES OF THIS PROVISION, "CLAIMS") INCURRED OR
OCCASIONED BY (i) A BREACH BY THE SHIPPER OF ANY OF THE
WARRANTIES CONTAINED HEREIN; (ii) THE FAILURE OF THE
SHIPPER TO COMPLY WITH THESE PROVISIONS; (iii) MODE'S
EXECUTION OF SHIPPER'S INSTRUCTIONS OR RELIANCE ON
INFORMATION PROVIDED BY OR ON BEHALF OF SHIPPER; (iv)
SHIPPER'S NEGLIGENCE OR WILLFUL MISCONDUCT; OR (v) CLAIMS,
SEEKING TO IMPOSE LIABILITY WITH RESPECT TO LOSS, DAMAGE,
DESTRUCTION, OR DELAY OF OR TO CARGO IN EXCESS OF ANY
LIABILITY EXPRESSLY ASSUMED BY MODE HEREIN OR IN EXCESS
OF ANY LIMITATION OF LIABILITY TO WHICH MODE IS ENTITLED
HEREUNDER.  THE INDEMNITY OBLIGATIONS IN THIS PROVISION
SHALL NOT APPLY TO THE EXTENT A CLAIM IS DETERMINED BY A
COURT OF APPROPRIATE JURISDICTION TO HAVE BEEN CAUSED
BY THE NEGLIGENCE OR WILLFUL MISCONDUCT OF MODE.

(Agreement, § 10).

## C.   Defendants' Failure to Make Payments

25.   Defendants have unpaid invoices with MODE dating back to February 2024.

Defendants ceased all payments to MODE in July 2025.

26.   Defendants' failure and refusal to pay their invoices has continued through

December 2025 and is ongoing.

27.   Jillamy Fulfillment's Mesquite facility owes MODE $2,457.69 for past due

invoices.

28.   Jillamy Fulfilment's Riverside facility owes MODE $149,703.65 for past due

invoices.

29.     Jillamy Fulfillment's Ventura facility owes MODE $901,285.38 for services provided, of which $778,458.90 is for past due invoices.

30.     In total, Jillamy Fulfillment owes MODE $1,053,446.72.

31.     Jillamy Packaging owes MODE $225,093.48 for services provided, of which $220,983.85 is for past due invoices.

32.     Jillamy Transportation owes MODE $659,418.31 for services provided, of which $658,468.31 is for past due invoices.

33.     Jillamy, Inc. is the parent company of many of the named Defendants.

34.     In total, Defendants owe MODE $1,937,958.51 for services provided, of which $1,810,072.40 is principal for past due invoices.

35.     Additionally, pursuant to the terms of the Agreement, if payment is not received within 30 days of the invoice date, "interest in the amount of 1.5% per month may be assessed commencing with the 31st day following the invoice date."

36.     As of January 30, 2026, Defendants owe in principal $1,810,072.40 for invoices that are at least 31 days past the invoice date. Accordingly, interest is accruing and will continue to accrue on that amount, and interest will accrue on the remaining amount if and when it becomes more than 31 days past the invoice date.

37.     As of January 30, 2026, Defendants owe $247,672.59 in interest on the unpaid invoices.

38.     As of January 30, 2026, Defendants owe a total of **$2,185,631.10** in principal and interest.

## COUNT I

## BREACH OF CONTRACT
**(Against All Defendants)**

39.    The allegations set forth in Paragraph Nos. 1–38 above are realleged and incorporated herein by reference.

40.    A valid contract exists between MODE and Defendants or each of them.

41.    Defendants each received invoices from MODE for services MODE performed for them.

42.    There is no dispute MODE performed the services described in the invoices.

43.    As expressed in the invoices, Defendants were bound by the terms of the Agreement.

44.    By failing to pay the invoices, Defendants materially breached the Agreement they entered into with MODE.

45.    As of January 30, 2026, Defendants owe MODE $1,937,958.51 as principal for services provided.

46.    Interest is currently accruing on $1,810,072.40 of the principal due to MODE from Defendants, which amount is currently more than 31 days past the invoice date. Interest will accrue on the remaining amount if and when it becomes more than 31 days past the invoice date.

47.    As of January 30, 2026, Defendants owe MODE $247,672.59 in interest.

48.    In total, Defendants owe MODE **$2,185,631.10**.

49.    MODE has retained the undersigned counsel to represent it in this action and has agreed to pay reasonable attorney's fees and costs to prosecute this action.

## PRAYER FOR RELIEF

**WHEREFORE**, MODE demands judgment against Defendants as follows:

a.    Awarding MODE compensatory damages in an amount to be proven at trial;

b.    Awarding MODE interest on the principal due and owing;

c.    Awarding MODE its attorneys' fees and costs and interest; and

d.    Granting such other relief as the Court deems just and proper.

**GREENBERG TRAURIG, LLP**

*/s/ Jake Evans*
Jake Evans
Florida Bar No. 797018
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
P: (678) 553-2100
F: (678) 553-2212
Jake.Evans@gtlaw.com

*and*

*/s/ Darryl Harris*
Darryl B. Harris
Florida Bar No. 1058987
450 S. Orange Ave.
Orlando, Florida 32801
P: (407) 301-3937
F: (407) 420-5909
Darryl.Harris@gtlaw.com

*Counsel for Plaintiff*

# EXHIBIT A



# Terms of service agreement.

**Last Updated : September 22, 2025**

The terms contained herein apply on each shipment tendered to and accepted by operating affiliates or subsidiaries under ultimate common control of MODE Global, LLC (each such operating affiliate or subsidiary referred to herein as "MODE") and constitute a binding agreement between MODE on the one hand Shipper on the other hand (except that Green Manalishi Transportation Inc. is not included in the definition of MODE and its services are not subject to these Terms of Service). For purposes of these terms, the term "Shipper" means the person for which MODE is rendering service, as well as its agent and/or representative, including, but not limited to, shippers, owners, notify parties, importers, exporters, consignees, etc. In consideration of services provided by MODE on each shipment, Shipper hereby agrees to be bound to the terms contained herein. Said terms may not be changed except in writing signed by a duly authorized executive employee of MODE.

**Applicability:**

**a.** The liability of each entity included in the definition of MODE is several and not joint and in no event will any such entity be liable, or have any responsibility for, any acts, omissions, or obligations of any other such entity. If there is any question as to which such entity provided services, MODE Global, LLC's determination as to which entity rendered services, made in its sole discretion, will be final and binding.

**b.** All MODE services are governed by these terms, except when MODE issues the following documents and identifies itself as specified below: (i) Air waybill for air transport (when MODE is listed as "Carrier"); (ii) Ocean bill of lading for sea transport (when MODE is listed as "Carrier"); or (iii) Warehouse receipt for storage (when MODE is listed as warehouse operator). With respect to the documents noted in subparagraphs (i), (ii) or (iii), the document's terms govern the services identified by such document to the extent they conflict with these Terms of Service. Shipper accepts those conditions regardless of when Shipper receives the document. For surface transportation, the terms set forth herein govern even if MODE is named as "Carrier" on any bill of lading. Shipper acknowledges MODE is not a motor carrier, and any documentation suggesting otherwise is for Shipper's convenience only and does not affect MODE's status as a broker. For purposes of clarity, even if MODE is named as the "Carrier" in any bill of lading issued with respect to any move transported entirely via surface transportation, the terms and conditions of any such bill of lading shall not apply, and rather, these terms will govern MODE's services with respect to services undertaken pursuant to any such document. Shipper acknowledges that MODE is not a motor carrier and any bill of lading or other documentation to the contrary is for the convenience of Shipper only and will not impact MODE's status as a broker.

**c.** MODE may, in its sole discretion, amend these terms from time to time in which case the modified terms and conditions will take effect as of the date they are posted on MODE's website. Any attempt by Shipper to otherwise alter, amend or modify these terms shall be null and void.

**1. Rates, Charges and Credit:**

**a.** Quotations provided by MODE to Shipper regarding fees, rates of duty, freight charges, insurance premiums or other charges represent MODE's good faith estimate based on the information provided by Shipper and current market conditions. Quoted amounts do not include charges for additional services not requested or reasonably foreseeable or certain at the time of quotation. MODE will notify Shipper of any material changes to quoted charges prior to performing the services when commercially practicable. Shipper agrees to pay reasonable charges for additional services requested by Shipper or necessitated by circumstances outside MODE's control that arise during service performance.

**b.** The rates and charges of MODE are subject to change without notice. MODE's standard payment terms require receipt of cash in advance of performance. In the event that MODE, in its sole discretion, extends credit to Shipper, which is defined as permitting Shipper to pay for service within a specified period of time after performance by MODE, payment of any MODE invoice, payment of any MODE invoice must be made within 30 days of the invoice date in full and without deduction or offset.  MODE may cancel credit in its sole discretion at any time, including after provision of services. Failure to meet this requirement may result in a loss of credit. Should no payment be received within 30 days of the invoice date, interest in the amount of 1.5% per month may be assessed commencing with the 31st day following the invoice date. Payment of MODE invoices shall be in currency of the United States and Canada only, as applicable.

**c.** In no event will MODE have any responsibility for, and Shipper will defend, indemnify, and hold MODE harmless from, and will pay and reimburse, any charges imposed by third parties with respect to: (i) use of equipment in which cargo tendered by, to or on behalf of Shipper is, has been or will be laden, or for charges assessed with respect to storage or handling of any such equipment, including, but not limited to, charges assessed by steamship lines, rail carriers, rail terminal operators, marine terminal operators or port authorities; (ii) charges arising from services, including, but not limited to, any and all amounts assessed by third parties related to requests for cancellation (including charges for services rendered prior to cancellation), costs related to requests for reconsignment or otherwise due to inaccurate or incomplete information provided by or on behalf of Shipper; or (iii) any rates or charges, or any increase in any rates or charges, the carriers assess to MODE, such as fuel surcharges, peak season surcharges, general rate increases, or amounts intended to cover assessments by third parties (including government regulators).

**d.** SHIPPER HEREBY GRANTS TO MODE A GENERAL LIEN AND SECURITY INTEREST IN ANY SHIPMENT TENDERED TO MODE BY SHIPPER, THEN OR THEREAFTER IN MODE'S POSSESSION, CUSTODY OR CONTROL OR EN ROUTE. MODE WILL HAVE A GENERAL AND CONTINUING LIEN ON ANY AND ALL SHIPMENTS COMING INTO MODE'S ACTUAL OR CONSTRUCTIVE POSSESSION OR CONTROL FOR MONIES OWED TO MODE WITH REGARD TO THE SHIPMENT ON WHICH THE LIEN IS CLAIMED, AND ANY PRIOR SHIPMENTS TENDERED BY THE SHIPPER.  THIS GENERAL LIEN AND SECURITY INTEREST SHALL BE IN ADDITION TO ANY OTHER RIGHTS MODE HAS OR MAY ACQUIRE UNDER OTHER AGREEMENTS OR APPLICABLE LAW, AND SHALL SURVIVE DELIVERY OR RELEASE BY MODE OF ANY SPECIFIC PROPERTY OF SHIPPER.  MODE'S LIEN AND SECURITY INTEREST IN ANY SHIPMENT MAY BE ENFORCED BY MODE BY PUBLIC OR PRIVATE SALE AT THE EXPENSE OF AND WITHOUT NOTICE TO SHIPPER.

**e.** Shipper guarantees all freight charges including those which move on a freight collect basis. If an account has to be placed in the hands of an attorney or collection agency for collection, Shipper is liable for payment of all collection, attorney and court costs associated with the collection effort which will be added to the balance owed.

**f.** To the extent Shipper or Consignee utilizes a third-party to pay its freight charges (a  "Freight Payment Service"), and the freight charges paid to MODE  by the Freight Payment Service are clawed back or attempted to be clawed back, including, but not limited to, in a bankruptcy of the Freight Payment Service, Shipper agrees to remain liable to MODE for the freight charges, and to suspend and waive all time limits, including defenses based on the same, for pursuing freight charge claims that would otherwise be applicable to the freight charges.

**g.** Any claim for overcharges, duplicate payments, or otherwise challenging the freight charges billed by MODE must be asserted in writing within 180 days of MODE's first invoice for the freight charges, and to the extent it is not, is extinguished.

**2. Freight Charge Collect and C.O.D. Shipments.** If Shipper requests that MODE initially seek to collect freight charges from a third party, MODE may agree to do so in its sole discretion, but Shipper will remain directly liable to MODE for payment of all rates and charges regardless of any shipment documentation (including any bill of lading) to the contrary). Shipper will not tender any "C.O.D." shipments

and MODE shall not be responsible for the collection of any funds from the consignee to be transmitted back to Shipper.

**3. Selection of Third Parties.** MODE is authorized by Shipper to engage third parties to perform underlying services on any terms and conditions in MODE's sole discretion. Shipper acknowledges and agrees that underlying providers may limit recovery, including, but not limited to, for loss or damage to cargo.  In no event will MODE have any liability to Shipper or any third party with respect to the terms or conditions pursuant to which underlying providers perform services.  Selection of a third party by MODE shall not be construed as a warranty or representation by MODE that such third party will render services, nor shall MODE bear any liability for responsibility for the actions and/or inactions of any such third party.

**4. Cargo Loss or Damage and Limitations of Liability.** MODE is not a transporting carrier, is not liable for acts or omissions of third parties, and is not liable for loss, damage, delay or destruction to cargo except solely to the limited extent such liability is expressly assumed in this Article. However, if MODE in its sole discretion, determines that the carrier engaged by MODE is legally liable for a claim filed by Shipper with respect to cargo loss, damage, delay or destruction with respect to transportation arranged my MODE, then MODE may, as MODE's sole liability with respect to any such claim, advance payment of the cargo claim in accordance with the following criteria and limits:

**a.** For motor, intermodal or rail shipments wholly within the United States ("U.S. Shipments"), MODE's payment of a cargo loss or damage claim is subject to the provisions of 49 U.S.C. § 14706, 49 C.F.R. Part 370 (over-the-road shipments), and Part 1005 (rail shipments), and is further subject to a maximum of one hundred thousand U.S. dollars ($100,000) for any single trailer or container, and ten thousand U.S. dollars ($10,000) for any less-than-truckload shipment.

**b.** For motor, intermodal and rail shipments wholly within Canada or between the United States and Canada ("Canadian Shipments"), MODE's payment of a  cargo loss or damage claim is  subject to all defenses and immunities available to the underlying carrier arising by operation of law, contract or otherwise, and is further subject to a maximum of the lesser of i) the value of the goods at the place and time of shipment, including the freight and other charges if paid, ii) two Canadian dollars ($2.00 (CDN) per pound computed on the total weight of the lost or damaged portion of the shipment, iii) where the goods are carried by rail, any applicable rail carrier limitation of liability as prescribed in a Rail Circular (as defined below), tariff, confidential rate contract or similar document, or iv) one hundred thousand Canadian dollars ($100,000 CDN).

**c.** MODE Transportation, LLC is licensed as an Ocean Transportation Intermediary (OTI) by the Federal Maritime Commission (FMC) to provide export ocean freight forwarding services and international non-vessel operating common carrier (NVOCC) services.  MODE's liability for loss or damage to cargo for international ocean transportation services is as follows:

**1.** When MODE provides NVOCC services with respect to shipments moving through a U.S. port, MODE operates pursuant to its NVOCC tariffs and bill of lading terms and conditions, which are published at http//www.dmstradeservices.com and are available for review upon Shipper's request, and MODE's liability for the loss and damage to cargo is limited to five hundred U.S. dollars ($500) per package or customary freight unit pursuant to the U.S. Carriage of Goods by Sea Act (COGSA).

**2.** When providing international ocean services as an NVOCC on shipments not moving through a U.S. port, MODE's liability shall be determined pursuant to the terms and conditions of its NVOCC bill of lading that MODE has issued for the shipment, including, but not limited to the limitations of liability contained therein.

**3.** On all international ocean transportation shipments where MODE is not acting as a NVOCC and has not issued a NVOCC bill of lading, the Shipper's recourse for loss or damage claims to its shipments shall be against the ocean common carrier or NVOCC that handled the shipment and shall be subject to the terms and conditions, tariffs and bills of lading of those carriers, including, but not limited to, any limitations of liability contained therein.  Any and all liability of MODE to Shipper for claims for such international ocean shipments shall be limited to fifty U.S dollars ($50) per shipment.

**d.** Notwithstanding any other provision of these Terms of Service, and except as required by mandatory statute which cannot be waived, if Shipper has cargo insurance coverage to cover loss or damage to its shipment, then MODE shall have no liability whatsoever, or obligation to advance payment, for a cargo loss or damage claim.  Shipper's recourse for recovery on any loss or damage to its shipment shall be through its insurance company and not MODE.

**e.** (1) When arranging U.S. domestic or international air services (including joint air and surface transportation as part of a single continuous move) with respect to any shipments for which MODE has not issued an air waybill identifying MODE as the "Carrier," MODE's liability for any cargo loss or damage claims shall be limited to fifty U.S. dollars ($50) per shipment. All U.S. domestic air shipments, meaning shipments that originate in, and are destined to, points in the United States or any territory, possession or commonwealth of the United States, shall be subject to the terms and conditions of the applicable tariffs and U.S. domestic air

waybill of the indirect air carrier or direct air carrier. All international air shipments shall be subject to the terms and conditions of the indirect air carrier or direct air carrier's international air waybill and tariffs governing the provisions of such services; (2) When arranging U.S. domestic air services (including joint air and surface transportation as part of a single continuous move) with respect to any shipments for which MODE has issued an air waybill identifying MODE as the "Carrier", MODE will be liable for cargo loss, damage and delay solely to the extent caused by MODE's failure to exercise reasonable care in respect of the cargo, in which case, MODE's liability will not exceed $.50 per pound per package unless additional value is declared and additional charges paid; and (3) When arranging international air services (including joint air and surface transportation as part of a single continuous move) with respect to any shipments for which MODE has issued an air waybill identifying MODE as the "Carrier", MODE's liability for cargo loss, damage and delay shall be solely governed by applicable international convention.

**f.** In addition to the terms otherwise stated herein, the following terms also apply to Frozen, Refrigerated, Temperature Controlled and Mixed shipments:

> **1.** "Frozen" means when products are shipped frozen and so stated on the bill of lading by Shipper. "Refrigerated" means when products are shipped refrigerated and so stated on the bill of lading by Shipper. "Temperature Controlled" means when products are shipped temperature controlled and so stated on the bill of lading by Shipper. "Mixed" means when products are shipped in mixed shipments of Frozen, Refrigerated or Temperature Controlled and so stated on the bill of lading by Shipper. While in the underlying carrier's custody and control, Frozen shipments will be transported at an equipment air temperature of 0 – 32 degrees Fahrenheit, Refrigerated shipments will be transported at an equipment air temperature of 33 – 45 degrees Fahrenheit, Temperature Controlled shipments will be transported at an equipment air temperature of 46-70 degrees Fahrenheit and Mixed shipments will be transported at the respective equipment air temperatures described above relative to the products shipped. Notwithstanding the temperature of the product at the time of acceptance by the underlying carrier, MODE and the underlying carrier shall only be responsible for maintaining the respective equipment air temperatures set forth above for Frozen, Refrigerated, Temperature Controlled or Mixed shipments, subject to any different temperature range set forth in Special Requirements (as defined below).

> **2.** MODE will not be liable for any cargo loss or damage involving Frozen, Refrigerated or Temperature Controlled shipments, unless (i) actual physical loss or damage to the cargo is established, and (ii) such actual physical loss or damage is due to an equipment mechanical failure that lasted in excess of twelve (12) consecutive hours.

**g.** When cargo is delivered to the consignee, the consignee must check the cargo to determine quantity being received and condition by close, careful observation. If cargo shortage or damage is found to exist, then a notation applicable to the discrepancy will be so noted by the consignee on the underlying carrier's copy of the delivery receipt. When offering a shipment for delivery, if any portion of the shipment bears any indication of having been pilfered, a joint inventory of contents shall be made by the underlying carrier's driver and consignee, and the results of inventory so noted on the underlying carrier's copy of the delivery receipt.

**h.** IN NO EVENT SHALL MODE BE LIABLE FOR LOST PROFIT, INDIRECT, INCIDENTAL, CONSEQUENTIAL OR SPECIAL DAMAGES OF ANY KIND. IN NO EVENT SHALL MODE BE LIABLE FOR ANY LOSS OR DAMAGE TO SHIPMENTS MOVING TO, FROM OR WITHIN MEXICO UNLESS, WITH RESPECT TO SHIPMENTS MOVING TO OR FROM MEXICO, THE CLAIMANT CAN PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE LOSS OR DAMAGE DID NOT OCCUR IN MEXICO. ANY PROVISIONS OF THESE TERMS TO THE CONTRARY NOTWITHSTANDING, IN NO EVENT WILL MODE HAVE ANY LIABILITY TO SHIPPER OR TO ANY THIRD PARTY FOR THE CONSEQUENCES OF IDENTITY THEFT OR FRAUDULENT OR CRIMINAL CONDUCT PERPETRATED BY THIRD PARTIES, INCLUDING ANY LIABILITY ARISING FROM MODE DOING BUSINESS OR SEEKING TO DO BUSINESS WITH A THIRD PARTY THAT HAS MISREPRESENTED ITS IDENTITY TO MODE.

**i.** All intermodal or rail shipments shall also be subject to the terms and conditions set forth in the applicable published intermodal circulars and directories of the rail carriers ("Rail Circulars"). Shipper is responsible to block and brace any intermodal or rail shipments according to the AAR (Association of American Railroad) guidelines; provided that for shipments wholly within Canada, Shipper is responsible to block and brace any such shipment as required by the applicable Canadian rail carrier.

**j.** The measure of loss or damage to freight hereunder shall be Shipper's replacement value applicable to the kind and quantity of the commodities in question, less salvage value. Claims or lawsuits for less than $100 shall not be filed and no claims shall be paid if the amount of the loss or damage is found to be less than $100.

**k.** Shipments are accepted as Shipper's load, count and seal. MODE shall have no liability whatsoever for cargo loss or damage (i) for shipments delivered with the seal intact or (ii) in the absence of evidence of actual physical cargo loss or damage. A variation in air equipment temperature for Frozen, Refrigerated, Temperature Controlled or Mixed shipments or a broken or damaged seal does not by itself constitute actual physical cargo loss or damage and does not create a presumption of actual physical cargo loss or damage.

MODE is not liable for the payment of any claim for cargo loss or damage when products transported in dry equipment freeze or overheat. No offsets from open invoices due MODE will be allowed as settlement for cargo loss and damage claims. Shipper has an obligation to mitigate its cargo loss and damage.

**l.** There will be a presumption that cargo delivered without any documentation of shortage or damage on the delivery receipt was delivered in good order and condition. The failure of Shipper to first notify MODE within the shorter of (a) as soon as commercially practical when Shipper becomes aware of cargo damage or loss (or within 5 days of delivery for concealed damages or within 24 hours from the time of delivery in the case of perishable commodities) or (b) within the time frame required by the underlying carrier, may, at MODE's discretion, result in the claim being denied. To report cargo loss or damage claims, please email claims@modeglobal.com.

**m.** The time period for filing a claim for cargo loss or damage is as follows:

> **1.** Cargo loss or damage claims involving U.S. Shipments must be filed by Shipper with MODE within nine (9) months from the date of delivery (or of the date of anticipated delivery in the event of non-delivery) and claims filed after such nine (9) month period are not valid, subject to any shorter claim filing period required by the underlying carrier.

> **2.** Cargo loss or damage claims involving Canadian Shipments must be filed within the earlier of (a) four (4) months of the date of delivery (or of the date of anticipated delivery in the event of nondelivery) of a rail or intermodal shipment or any such deadline set forth in the applicable underlying carrier's tariff, issued bill of lading or transport document, or (b) sixty (60) days of the date of delivery (or of the date of anticipated delivery in the event of non-delivery) for shipments involving motor carriage or, in the case of intermodal shipments, where the cargo loss or damage occurs while the shipment is in the custody and control of the motor carrier.

> **3.** Cargo loss or damage claims involving air transport must be filed within the time period required by the underlying carriers in their air waybills, tariffs and terms and conditions.

> **4.** Cargo loss or damage claims involving international ocean transport shipments must be filed within sixty (60) days of the date of delivery.

> **5.** All cargo loss or damage claims must be in writing and contain sufficient information to process the claim, including but not limited to, any and all information required by the underlying carrier in its terms and conditions, tariffs, bills of lading, and claims processing documents.

> **6.** Any legal action for cargo loss or damage against MODE not arising out of air or ocean transportation must be instituted by Shipper against MODE within two (2) years from the first disallowance of the cargo claim by MODE or the underlying carrier, or the time limits set forth in the underlying carrier's bill of lading, terms and conditions, and other governing documents, whichever time period is shorter.

> **7.** Any legal action for cargo loss or damage against MODE arising out of ocean transportation must be instituted within the shorter time period of either (a) the time set forth in the underlying carrier's tariff, bills of lading or terms and conditions or (b) eleven (11) months of the date of shipment.

> **8.** Any legal action for cargo loss or damage against MODE arising out of air transportation must be instituted within the shorter time period of either (a) the time limit set forth in the air carrier's tariffs, air waybills or terms and conditions or (b) two (2) years from the initial date of shipment.

**n.** The rates provided to Shipper in connection with these terms are predicated on the underlying carriers selected by MODE being tendered freight released for cargo loss or damage at an amount not in excess of those amounts set forth in this Section. Shipper acknowledges that MODE has made available to Shipper the opportunity to pay a higher rate and thereby obtain greater levels of liability offered by MODE or the underlying carrier for cargo loss or damage. In the absence of the Shipper availing itself of that opportunity by entering into a written contract establishing a higher value signed by Shipper and a duly authorized executive of MODE, Shipper releases its shipments to the underlying carriers selected by MODE at the released values stated in this Section.

**o.** If Broker provides Shipper with the identity of its Carrier, its driver, the vehicle, or other information and Shipper does not confirm the identity of the Carrier, or the other information provided by Broker to Shipper, Broker shall not have any liability for shipments tendered by Shipper to a person or entity other than the identified Carrier. If Shipper is alerted to, discovers, or becomes aware that

fraud, theft, or other irregularities have occurred, or may have occurred, on a shipment or shipments on which Broker arranged transportation, Shipper will immediately communicate the information to Broker.  Shipper's failure to alert Broker to such a situation shall be a complete defense to repeat occurrences that could have been avoided by timely sharing the information with Broker.

**5. Accessorial Charges, Regulations and Penalties.** MODE and its underlying carriers have rules and charges respecting accessorial matters such as detention and storage which are available for review at Shipper's request. MODE shall not be responsible for the failure of Shipper to know such accessorial charges or rules. Unless accessorial charges have been caused by the sole act of MODE, Shipper shall be responsible for any such accessorial charges.

**6. Warehousing Terms and Conditions.** In the event MODE is directed by the Shipper to place any shipment in storage, or in the event MODE places such shipment in storage as a result of the Shipper's failure to pay MODE's billed charges, or as a result of Shipper's consignee refusing to accept delivery of the shipment, then SHIPPER GRANTS TO MODE A LIEN ON ALL SHIPMENTS SO HELD, SUCH LIEN TO BE NOTICED, EXERCISED AND DISCHARGED IN THE SAME MANNER AS IS APPLICABLE TO THE LIEN DESCRIBED HEREIN. Shipper authorizes MODE to arrange for storage and agrees to release any shipment placed in storage as described to a value of $0.10 per pound, with such released value taking precedence over any other value or measure of loss stated elsewhere herein and MODE's liability for loss or damage to all shipments so held shall be limited to $0.10 per pound and Shipper shall have no liability therefore unless MODE has failed to exercise reasonable care in respect of the goods.

**7. Restricted & Prohibited Commodities; Hazardous Material; Government Laws & Regulations.**

**a.** In addition to restricted commodities in the Rail Circulars, tariffs, and other governing documents of the underlying carriers, Shipper shall declare the following restricted commodities: automobiles and motorcycles; machinery; steel sheets, bars, pipes and coils; animal hides; chocolates and confectionery; alcoholic beverages (excluding beverages in bottles or cans); glass, glass products and other fragile goods; musical instruments, including, but not limited to pianos; frozen foods and boats (new and used).

**b.** In addition to prohibited commodities in the Rail Circulars, tariffs, and other governing documents of the underlying carriers, Shipper shall not tender to MODE shipments containing any of the following: mobile phones (to include parts of mobile phones such as, but not limited to circuit boards and memory cards); all circuit boards; valuable papers of any kind (including, but not limited to accounts, bills, documents, deeds, notes, securities, evidence of debt, letters of credit, tickets, passports, mechanical drawings or manuscripts); money, currency, bullion, gold, silver and other precious metals, diamonds, precious or semi-precious stones; furs or furtrimmed garments; fine arts; live animals; used equipment or machinery; tobacco or tobacco products; contraband property in the course of illegal transportation or trade; household goods and personal effects; fresh fish and seafood, fresh cut flowers or plants that have been removed from the root, and ice-cream products.

**c.** Shipper is responsible to declare any shipment that contains a hazardous material or dangerous good and ensure such shipments comply with all government laws, rules, ordinances or regulations, including, but not limited to, USDOT hazardous material regulations.  Shipper shall be solely responsible for complying with all other government laws, rules, regulations or ordinances imposed on offerors of such goods including, but not limited to U.S. Department of Transportation regulations applicable to a shipper of goods.

**d.** If Shipper fails to comply with any of subsections (a) – (c) above or otherwise fails to comply with the requirements of Shipper under these terms, MODE shall have no liability for any resulting loss or damage regardless of the cause of such loss or damage and Shipper shall be responsible to indemnify, defend and hold harmless MODE and its affiliates, subsidiaries and parent for any costs, fines, penalties, losses or damages made against or incurred by MODE associated with Shipper's failure to so comply, including, but not limited to environmental clean-up costs, legal costs (including attorney's fees) , fines, and penalties.

**8. Exclusions:** MODE will have no liability whatsoever for damage to or loss of cargo directly or indirectly caused by the following: nuclear activity (meaning nuclear reaction, nuclear radiation or radioactive contamination whether deliberate or accidental, controlled or uncontrolled or whether it contributed to or aggravated a covered loss or damage); terrorism; hidden or latent defects; asbestos (including loss or clean up caused by or resulting from asbestos or asbestos containing material); the presence, release, discharge or dispersal of pollutants; leakage, evaporation or shrinkage; breakage of glass or similar fragile property related to panes of glass; property being scented, discolored, soured or changed in flavor; normal wear and tear or cosmetic denting, marring or scratching to packaging; insufficient or unsuitable packaging material or preparation of goods being shipped; voluntary parting of the cargo whether by fraudulent scheme, trick, device or false pretense or for any event of force majeure, including, but not limited to flood, earthquake, storm and other Acts of God, fire, derailment, accident, strike, lockout, explosion, war, insurrection, riot, embargo, act of government or governmental agency or any cause that is beyond the control of MODE or the underlying carrier.

**9. Transportation of Food:** In addition to the terms otherwise stated herein, the following terms also apply to any shipment of food or dietary supplement intended for human or animal consumption and all raw materials and ingredients thereof covered under the Sanitary Transportation of Human and Animal Food rule issued under the Food Safety Modernization Act, currently codified at 21 USC 2201 (Chapter 27) and the Food, Drug & Cosmetic Act, currently codified at 21 USC 2201 (Chapter 9) (referred to as "FSMA") (each a "Food Shipment").

**a.** Shipper must provide MODE written notice at the time of tender if a shipment is a Food Shipment, and include any specifications for transporting or handling the Food Shipment, which specifications will be effective upon written acceptance by MODE executed by a duly authorized representative of MODE ("Special Instructions"). As between the parties, Shipper is solely responsible for identifying any Special Instructions and MODE shall have no such obligation. MODE's sole responsibility with respect to any Special Instructions is limited to providing such Special Instructions to the underlying motor carrier and to the underlying rail carrier as may be commercially feasible, provided, however, Shipper acknowledges and agrees that all Food Shipments are subject to the terms and requirements set forth in the Rail Circulars notwithstanding any Special Instructions to the contrary.

**b.** It is the sole responsibility of Shipper and Shipper warrants and represents that it will inspect the equipment used to transport each Food Shipment prior to loading to confirm that the equipment is in compliance with all Special Instructions and FSMA requirements applicable to each Food Shipment, and if the consignor or any other third party makes available for Shipper any Food Shipment, Shipper will ensure such consignor or third party so confirms compliance with such Special Instructions and FSMA requirements. MODE is not liable for the condition or the effects of use of any transportation equipment (including, without limitation, pallets, totes, and packaging).

**c.** Neither the failure nor alleged failure by the underlying carrier to comply with Special Instructions or any FSMA requirements nor the lack of the original seal at the time of delivery shall, in and of itself, result in any presumption that a Food Shipment is unsafe, contaminated, adulterated, damaged or otherwise unfit for its intended use or purpose unless there is evidence of actual, physical loss or damage to a Food Shipment. To the extent not otherwise prohibited by law, Shipper confirms it is obligated to mitigate damages for any loss or damage to a Food Shipment.

**d.** With respect to a Food Shipment for which Special Instructions include temperature control service, Shipper acknowledges and agrees that MODE's sole responsibility is to communicate the equipment temperature ranges to the underlying motor carrier and that the following carrier procedures are sufficient to ensure safe and sanitary handling of such Food Shipment: (a) pre-cooling of transportation units as set forth in the Special Requirements and (b) temperature readings, in the form of ambient air temperature taken inside the trailer or container, if any, will be the responsibility of the loader or receiver. Food Shipments will not be loaded by Shipper at origin if the ambient air temperature within the trailer or container is not in accordance with Special Requirements.

**e.** If the ambient equipment air temperature or any other equipment condition materially fails to comply with any of the Special Requirements, such non-compliance must be noted by the receiver or consignee on the shipping document at the time of delivery and if the Food Shipment is unsafe as a result of such material noncompliance, then Shipper shall be solely responsible to ensure that such Food Shipment is not entered into commerce for consumption. Shipper is liable for any damages, claims, liability, fines or penalties that may arise from Shipper's failure to comply with the requirements of this Section or its obligations under the FSMA and Shipper shall defend, indemnify and hold MODE harmless against same.

**10. Indemnification:** SHIPPER SHALL DEFEND, INDEMNIFY, AND HOLD HARMLESS MODE FROM AND AGAINST, AND SHALL PAY AND REIMBURSE MODE FOR ANY AND ALL DIRECT AND INDIRECT LIABILITIES, CLAIMS, LOSSES, EXPENSES, COSTS (INCLUDING ATTORNEY FEES) OR DAMAGES (FOR PURPOSES OF THIS PROVISION, "CLAIMS") INCURRED OR OCCASIONED BY (i) A BREACH BY THE SHIPPER OF ANY OF THE WARRANTIES CONTAINED HEREIN; (ii) THE FAILURE OF THE SHIPPER TO COMPLY WITH THESE PROVISIONS; (iii) MODE'S EXECUTION OF SHIPPER'S INSTRUCTIONS OR RELIANCE ON INFORMATION PROVIDED BY OR ON BEHALF OF SHIPPER; (iv) SHIPPER'S NEGLIGENCE OR WILLFUL MISCONDUCT; OR (v) CLAIMS, SEEKING TO IMPOSE LIABILITY WITH RESPECT TO LOSS, DAMAGE, DESTRUCTION, OR DELAY OF OR TO CARGO IN EXCESS OF ANY LIABILITY EXPRESSLY ASSUMED BY MODE HEREIN OR IN EXCESS OF ANY LIMITATION OF LIABILITY TO WHICH MODE IS ENTITLED HEREUNDER. THE INDEMNITY OBLIGATIONS IN THIS PROVISION SHALL NOT APPLY TO THE EXTENT A CLAIM IS DETERMINED BY A COURT OF APPROPRIATE JURISDICTION TO HAVE BEEN CAUSED BY THE NEGLIGENCE OR WILLFUL MISCONDUCT OF MODE.

**11. Shipper Obligations.**

**a.** Shipper is either the owner or the authorized agent of the owner of the goods and Shipper is authorized to engage MODE on its own behalf and as agent for the owner of the goods under these terms and conditions;

**b.** The description and particulars of the goods provided by the Shipper, including but not limited to their marks, number, weight, volume and quantity, are complete and correct;

**c.** Shipper has verified the weight of the goods destined for transport on steamship lines by using properly calibrated and certified equipment and MODE is entitled to rely on the accuracy of such weight and to endorse such verified weight as agent of the Shipper;

**d.** The goods are properly marked and suitably packaged for normal handling, including any special handling requested by the Shipper if applicable, and the goods have been properly loaded in a suitable transport unit in suitable and good condition to carry the goods;

**e.** Any cargo that is hazardous, dangerous, noxious or has any potential to encourage vermin or taint other goods has been packaged, tendered and/or labeled in accordance with applicable governmental or industry rules and regulations and identified as such at the time of Shipper's request for services with respect to such goods;

**f.** Shipper is in compliance with all applicable laws and government rules and regulations, and has obtained any and all permits or licenses, related in any way to the transport of its goods, including, but not limited to, the U.S. Foreign Corrupt Practices Act, the U.S. Export Administration Regulations, the International Traffic in Arms Regulations, the U.S. Anti-Boycott regulations, the various U.S. economic sanctions programs administered by the U.S. Treasury's Office of Foreign Assets Control and any applicable laws or regulations of any country to, from, through or over which goods may be carried;

**g.** Shipper acknowledges that it is required to review all documents and declarations prepared and/or filed with any government agency and/or third parties for completeness and accuracy, and will immediately advise MODE of any errors, discrepancies, incorrect statements, or omissions on any declaration filed on Shipper's behalf;

**h.** In preparing and submitting customs entries, export declarations, applications, documentation and/or export data to the United States and/or a third party, MODE relies on the correctness of all documentation whether in written or electronic format and all information furnished by Shipper. The Shipper agrees that the Shipper has an affirmative non-delegable duty to disclose any and all information required by any party, including MODE, to import, export, or otherwise deal with the goods; and

**i.** Shipper acknowledges that it has the sole responsibility for maintaining records required of it by law or for use in its business and MODE shall have no obligations related thereto. MODE shall only be required to keep those records required of it by applicable laws or regulations and shall have no liability as to Shipper in the event that MODE fails to comply with such laws or regulations.

**j.** All information regarding pricing, rates, routes, and services is confidential and Shipper agrees, by tendering shipments to MODE, not to share the same with third parties, except as required by law, or as agreed in writing by MODE. Any information received by Shipper, or its consignee, regarding MODE's pricing, rates, routes, and services shall be held in the strictest confidence until three years after the last shipment was transported by MODE for Shipper.

**12. Additional Provisions.**

**a.** Except for advancing payment of cargo loss or damage claims as set forth above, MODE assumes no responsibility for the service or performance of the underlying carrier. MODE does not guarantee shipment delivery dates or times and shall have no liability whatsoever for delay to shipments transported by the underlying carrier.

**b.** Each "in bond" shipment is handled subject to the underlying carrier's requirements as set forth in tariffs or separate agreements, copies of which can be viewed at the corporate headquarters of MODE.

**c.** Shipper shall immediately notify MODE of and work to remedy, at Shipper's own expense, any data security breach or suspected data security breach, and the parties shall coordinate with each other to investigate and resolve the situation.

**d.** To the extent not governed by the Interstate Commerce Commission Termination Act or other applicable federal statutes, the laws of the State of Florida shall govern the validity, construction and performance of these terms. Lawsuits shall be filed and litigated exclusively in the state or federal courts located in Duval County, Florida, and the Parties hereby consent to jurisdiction in these courts and agree that venue is proper exclusively in these courts.

**e.** Any cargo that is hazardous, dangerous, noxious or has any potential to encourage vermin or taint other goods has been packaged, tendered and/or labeled in accordance with applicable governmental or industry rules and regulations and identified as such at the time of Shipper's request for services with respect to such goods;

**f.** Shipper is in compliance with all applicable laws and government rules and regulations, and has obtained any and all permits or licenses, related in any way to the transport of its goods, including, but not limited to, the U.S. Foreign Corrupt Practices Act, the U.S. Export Administration Regulations, the International Traffic in Arms Regulations, the U.S. Anti-Boycott regulations, the various U.S. economic sanctions programs administered by the U.S. Treasury's Office of Foreign Assets Control and any applicable laws or regulations of any country to, from, through or over which goods may be carried;

**g.** Shipper acknowledges that it is required to review all documents and declarations prepared and/or filed with any government agency and/or third parties for completeness and accuracy, and will immediately advise MODE of any errors, discrepancies, incorrect statements, or omissions on any declaration filed on Shipper's behalf;

**h.** In preparing and submitting customs entries, export declarations, applications, documentation and/or export data to the United States and/or a third party, MODE relies on the correctness of all documentation whether in written or electronic format and all information furnished by Shipper. The Shipper agrees that the Shipper has an affirmative non-delegable duty to disclose any and all information required by any party, including MODE, to import, export, or otherwise deal with the goods; and

**i.** Shipper acknowledges that it has the sole responsibility for maintaining records required of it by law or for use in its business and MODE shall have no obligations related thereto. MODE shall only be required to keep those records required of it by applicable laws or regulations and shall have no liability as to Shipper in the event that MODE fails to comply with such laws or regulations.

**j.** All information regarding pricing, rates, routes, and services is confidential and Shipper agrees, by tendering shipments to MODE, not to share the same with third parties, except as required by law, or as agreed in writing by MODE.  Any information received by Shipper, or its consignee, regarding MODE's pricing, rates, routes, and services shall be held in the strictest confidence until three years after the last shipment was transported by MODE for Shipper.

**13. Marketing Consent and Release.** Shipper hereby approves and consents to allow MODE to use Shipper's name, logo, and any written testimonial provided by Shipper on MODE's website and collateral material, including, but not limited to, social media platforms, promotional materials, and advertisements, whether in digital or print format. Shipper acknowledges that Shipper is not entitled to any monetary or other compensation in connection with the use of Shipper's name, logo or written testimonial. Shipper hereby grants to MODE all rights in any written testimonial which may be edited by MODE in its sole discretion, and Shipper hereby waives any right to approve the finished product. Shipper hereby releases MODE and its employees, officers, directors, members and agents from any and all claims and causes of action that arise out of or are related to MODE's use of Shipper's name, logo or written testimonial.

**14. Additional Provisions.**

**a.** Except for advancing payment of cargo loss or damage claims as set forth above, MODE assumes no responsibility for the service or performance of the underlying carrier. MODE does not guarantee shipment delivery dates or times and shall have no liability whatsoever for delay to shipments transported by the underlying carrier.

**b.** Each "in bond" shipment is handled subject to the underlying carrier's requirements as set forth in tariffs or separate agreements, copies of which can be viewed at the corporate headquarters of MODE.

**c.** Shipper shall immediately notify MODE of and work to remedy, at Shipper's own expense, any data security breach or suspected data security breach, and the parties shall coordinate with each other to investigate and resolve the situation.

**d.** To the extent not governed by the Interstate Commerce Commission Termination Act or other applicable federal statutes, the laws of the State of Florida shall govern the validity, construction and performance of these terms. Lawsuits shall be filed and litigated exclusively in the state or federal courts located in Duval County, Florida, and the Parties hereby consent to jurisdiction in these courts and agree that venue is proper exclusively in these courts.

**e.** Our collection, use, and disclosure of your personal information is governed by our Privacy Policy, which is available on our website and is incorporated into these terms by reference. By using our services, you acknowledge that you have read and agree to be bound by our Privacy Policy.

**JODY PHILLIPS**



CLERK OF THE CIRCUIT AND COUNTY COURTS
JACKSONVILLE, DUVAL COUNTY, FLORIDA

# RECEIPT

5062257

Printed On:
02/06/2026 11:31
Page 1 of 1

| Receipt Number: 5062257 - Date 02/06/2026  Time 11:31:31AM | | | |
|---|---|---|---|
| Received of: | Greenberg Traurig P.A.<br>333 SE 2nd Avenue, Ste 4400<br>Miami, FL 33131 | | |
| Cashier Name: | EFile | Balance Owed: | 441.00 |
| Cashier Location: | E-Filing | Total Amount Paid: | 441.00 |
| Receipt ID: | 8487582 | Remaining Balance: | 0.00 |
| Division: | CV-E(Circuit Court) | | |

| Case# 16-2026-CA-000860-AXXX-MA -- PLAINTIFF: MODE TRANSPORTATION LLC | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 441.00 | 441.00 | 0.00 |
| **Case Total** | **441.00** | **441.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFILING | 17859609 | **441.00** |
| **Total Received** | | **441.00** |
| **Total Paid** | | **441.00** |

## The clerk of courts is here to help you.

| We can be found online at: | **WWW.DUVALCLERK.GOV** |
|---|---|
| The main courthouse Location is: | **Clerk of the Circuit and County Courts**<br>**Duval County, Florida**<br>501 West Adams Street<br>Jacksonville, Florida 32202 |
| The main telephone number is: | 904-255-2000 |
| Other Locations: | **Neptune Beach Courthouse Annex**<br>1543 Atlantic Blvd<br>Neptune Beach, Florida 32266 |

**IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA**

IN RE:  ALL PENDING CIVIL CASES
      ASSIGNED TO DIVISION CV-E        DIVISION: CV-E

---

## DIVISION CV-E STANDING ORDER ON RETAINED AND NON-RETAINED EXPERT WITNESS AND TREATING PHYSICIAN DEPOSITION FEES

  To achieve uniformity of procedure for expert deposition payment, the following general rules apply without prejudice to the final taxation of costs and without prejudice to the expert or parties seeking a determination by the court of a reasonable expert fee pursuant to Florida Rule of Civil Procedure 1.390:

      1.      The maximum hourly deposition rate which must be charged to the deposing party by any retained and non-retained expert witness and treating physician is that hourly rate mutually agreed, in advance, in writing, by all of the parties (hereinafter "Mutually Agreed Hourly Rate") and any such retained and non-retained expert witness and treating physician (collectively referred to as "expert").

      2.      Any hourly charge above the Mutually Agreed Hourly Rate must be initially borne by the party retaining the expert for use at trial or, in the case of a treating physician and non-retained expert witness, by the party noticing opposing party of such non-retained expert and treating physician who will testify at trial on behalf of that party pursuant to the requirements of the Case Management Order Setting Actual Trial Period ("the Order").

      3.      Experts must not charge the attorney setting their deposition for time spent in preparation for the deposition, travel, or deposition review, but must charge the deposing party only for time actually spent in deposition.  Any such charges must be initially borne by the party retaining the expert for use at trial.

      4.      The expert or parties may seek determination by the court of a reasonable fee in excess of or below the Mutually Agreed Hourly Rate pursuant to Florida Rule of Civil Procedure

1.390.  **Scheduling of the expert's deposition must not be delayed while the parties seek such court determination.**  In the event the court determines a party has conducted itself in bad faith in negotiating the Mutually Agreed Hourly Rate, the court may enter sanctions against that party as provided for by the Florida Rules of Civil Procedure and Florida law.

5.      The actual hourly rate charged for expert deposition testimony over the Mutually Agreed Hourly Rate, and all other expert charges, must also be borne initially by the retaining party without prejudice to any ultimately prevailing party to seek the reasonable payment of all legally permissible expert fees and charges as determined by the Court in the appropriate posttrial motion to tax costs.

6.      Experts must be paid by the attorney, law firm, or responsible insurance company of the party who requested and deposed the expert within forty-five (45) days from the date a bill for the deposition reaches the office of the attorney taking the deposition. Best efforts must be used by all counsel to meet this schedule. If it appears that despite best efforts this payment schedule cannot be accommodated, the parties will use their best efforts to work out an alternative schedule or may present the matter to the Court for further Orders.

7.      No prepayment by the party requesting the deposition of any retained expert may be required. All such prepayments are the initial responsibility of the party retaining or disclosing the expert. The attorney for the party requesting the deposition of a retained expert witness must make arrangements for the court reporter.

 **DONE AND ORDERED** at Jacksonville, Duval County, Florida, on this 20th day of December 2024.

_____
BRUCE R. ANDERSON, JR.
CIRCUIT COURT JUDGE

2

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

DIVISION:    CV-E

IN RE:  ALL PENDING CIVIL CASES
         ASSIGNED TO DIVISION CV-E

_____/

## STANDING ORDER ON POLICIES AND PROCEDURES GOVERNING ALL CIVIL CASES ASSIGNED TO DIVISION CV-E

To facilitate this Court's responsibility to actively case manage and ensure the timely and just disposition of all pending civil cases in this Division, the parties shall:

1.       Comply with *Division CV-E Policies and Procedures* which can be found on this Division's link on the Court's website[1] and be governed accordingly.

2.        Failure to comply with this Order may result in monetary and non-monetary sanctions, including, but not limited to, dismissal of the case, and striking of pleadings.

**DONE AND ORDERED** in Chambers, at Jacksonville, Duval County, Florida, on this 13th day of December 2022.

_____
**BRUCE R. ANDERSON, JR.**
**CIRCUIT JUDGE**

---

[1] See website:  https://www.jud4.org/Ex-Parte-Procedures-and-Dates

Page **1** of 1

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY, FLORIDA

**MODE TRANSPORTATION LLC**

    *Plaintiff(s) / Petitioner(s)*

v.

                                                   Case No.:

**JILLAMY, INC., JILLAMY FULFILLMENT SERVICES,**    16-2026-CA-000860-AXXX-MA
**LLC, JILLAMY PACKAGING & WAREHOUSE, INC., AND**
**JILLAMY TRANSPORTATION, INC.**

    *Defendant(s) / Respondent(s)*

<u>**VERIFIED RETURN OF SERVICE**</u>

I, Glenn DePretis, state:

I am 18 years or older and not a party to this action.

I received the following documents on February 6, 2026, at 12:44 pm. I served these documents with my initials, identification number, and the date and hour of service endorsed thereon to Jillamy Fulfillment Services, LLC in Bucks County, PA on February 6, 2026 at 1:50 pm at 160 New Britain Blvd, Chalfont, PA 18914-1832 by leaving the following documents with Chrissy Issacson who as Intake specialist is authorized by appointment or by law to receive service of process for Jillamy Fulfillment Services, LLC.

2026.02.04 _D3_ Summons Issued Jillamy Fulfillment Services_ LLC(718814241.1).pdf
2026.02.04 _D7_ Complaint(718814598.1).pdf
2026.02.04 - Cover Sheet(718814156.1).pdf

Additional Description:
Employee of the Registered Agent: LIMITED LIABILITY COMPANY SERVICE: I served and explained the contents to an employee of the registered agent pursuant to F.S. 48.062(1)

Race: White, Sex: Female, Est. Age: 45-54, Hair: Blonde, Glasses: Y, Est. Weight: 120 lbs to 140 lbs, Est. Height: 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=40.2856056352,-75.2448299068
Photograph: See Exhibit 1

Total Cost: $225.00

Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing and the facts stated there are true. I am over the age of 18, have no interest in the above action, and am a Certified/Appointed/Specially Appointed Process Server in good standing in the county in which service was made. Notary not required pursuant to F.S. § 92.525

/s/ *Glenn DePretis*

Executed in

Montgomery County                            ,

PA          on     2/6/2026               .

Signature
Glenn DePretis
+1 (267) 417-7080
1500 Chestnut St, 3210, Philadelphia , PA 19102



Case 3:26-cv-00422-TJC-SJH    Document 1-3    Filed 02/26/26    Page 37 of 61 PageID 134

16-2026-CA-000860-AXXX-MA Div: CV-E

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:

DIVISION:

MODE TRANSPORTATION LLC,

     Plaintiff,

v.

JILLAMY, INC.,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC., AND JILLAMY
TRANSPORTATION, INC.,

     Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

     **YOU ARE HEREBY COMMANDED** to serve upon the below-named Defendant this
**Summons and Complaint** filed in this action:

JILLAMY FULFILLMENT SERVICES, LLC
160 New Britain Blvd.
Chalfont, Pennsylvania 18914

     Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's
attorney, whose name and address is:

Darryl Harris
Greenberg Traurig, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801

within **20 days** after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**02/06/2026**

DATED: February ____, 2026.



(COURT SEAL)

JODY PHILLIPS
As Clerk of the Court

BY: _Rebecca Jackson_____
As Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

**MODE TRANSPORTATION LLC**

*Plaintiff(s) / Petitioner(s)*

v.

**JILLAMY, INC., JILLAMY FULFILLMENT SERVICES,**
**LLC, JILLAMY PACKAGING & WAREHOUSE, INC., AND**
**JILLAMY TRANSPORTATION, INC.**

*Defendant(s) / Respondent(s)*

Case No.:

16-2026-CA-000860-AXXX-MA

## <u>VERIFIED RETURN OF SERVICE</u>

I, Alicia Lynch, state:

I am 18 years or older and not a party to this action.

I received the following documents on February 6, 2026, at 1:05 pm. I served these documents with my
initials, identification number, and the date and hour of service endorsed thereon to Jillamy, Inc. in Bucks
County, PA on February 6, 2026 at 6:16 pm at 160 New Britain Blvd, Chalfont, PA 18914-1832 by leaving
the following documents with Chris Heiserman who as Office Manager is authorized by appointment or by
law to receive service of process for Jillamy, Inc..

Summons Issued- Jillamy Inc.
Complaint, and Exhibit-A
Cover Sheet

Additional Description:
CORPORATE SERVICE: I served and explained the contents to an employee
of the defendant Corporation failing to comply with F.S. 48.091 in the absence of the registered agent or any
superior officers pursuant to F.S. 48.081(3)(a)

Race: White, Sex: Male, Est. Age: 45-54, Hair: White, Glasses: N, Est. Weight: 180 lbs to 200 lbs, Est.
Height: 5' 9" to 6'.
Geolocation of Serve: https://google.com/maps?q=40.285129165,-75.2446921909
Photograph: See Exhibit 1

Total Cost: $225.00

Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing
and the facts stated there are true. I am over the age of 18, have no interest in the above action, and am a
Certified/Appointed/Specially Appointed Process Server in good standing in the county in which service was
made. Notary not required pursuant to F.S. § 92.525

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 02/12/2026 10:21:41 AM

/s/ *Alicia Lynch*
_____

Signature
Alicia Lynch
+1 (267) 267-1305
6155 Oakley St, Philadelphia, PA 19111

Executed in

___Philadelphia County_____,

___PA_____ on ___2/9/2026_____.



Exhibit 1a)

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:

DIVISION:

MODE TRANSPORTATION LLC,

      Plaintiff,

v.

JILLAMY, INC.,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC., AND JILLAMY
TRANSPORTATION, INC.,

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve upon the below-named Defendant this **Summons and Complaint** filed in this action:

JILLAMY, INC.
160 New Britain Blvd.
Chalfont, Pennsylvania 18914

      Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is:

Darryl Harris
Greenberg Traurig, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801

within **20 days** after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on

Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered
against that Defendant for the relief demanded in the Complaint.

**02/06/2026 11:33:58**

DATED: February___, 2026.



JODY PHILLIPS

As Clerk of the Court

(COURT SEAL)

BY:_____

As Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the
provision of certain assistance. Please contact the ADA Coordinator at (904)
255-1695 or crtintrp@coj.net at least 7 days before your scheduled court
appearance, or immediately upon receiving this notification if the time before
the scheduled appearance is less than 7 days; if you are hearing or voice
impaired, call 711.**

Case 3:26-cv-00422-TJC-SJH    Document 1-3    Filed 02/26/26    Page 44 of 61 PageID 141

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

**MODE TRANSPORTATION LLC**

    *Plaintiff(s) / Petitioner(s)*

v.

                                               Case No.:

**JILLAMY, INC., JILLAMY FULFILLMENT SERVICES,**    16-2026-CA-000860-AXXX-MA
**LLC, JILLAMY PACKAGING & WAREHOUSE, INC., AND**
**JILLAMY TRANSPORTATION, INC.**

    *Defendant(s) / Respondent(s)*

## <u>VERIFIED RETURN OF SERVICE</u>

I, Alicia Lynch, state:

I am 18 years or older and not a party to this action.

I received the following documents on February 6, 2026, at 1:05 pm. I served these documents with my initials, identification number, and the date and hour of service endorsed thereon to Jillamy Packaging & Warehouse, Inc. in Bucks County, PA on February 6, 2026 at 6:17 pm at 160 New Britain Blvd, Chalfont, PA 18914-1832 by leaving the following documents with Chris Heiserman who as MANAGER is authorized by appointment or by law to receive service of process for Jillamy Packaging & Warehouse, Inc..

Summons
Complaint
Cover Sheet

Additional Description:
**CT CORP** Explained the contents to an employee of registered agent company (CT or law firm/CPA etc.) CORPORATE SERVICE: I served an employee of the registered agent company pursuant to F.S. 48.081(3)(a)

Race: White, Sex: Male, Est. Age: 45-54, Hair: White, Glasses: N, Est. Weight: 180 lbs to 200 lbs, Est. Height: 5' 9" to 6'.
Geolocation of Serve: https://google.com/maps?q=40.2850952167,-75.2446518
Photograph: See Exhibit 1

Total Cost: $225.00

Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing and the facts stated there are true. I am over the age of 18, have no interest in the above action, and am a Certified/Appointed/Specially Appointed Process Server in good standing in the county in which service was made. Notary not required pursuant to F.S. § 92.525

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 02/12/2026 10:21:41 AM

Executed in

_/s/ Alicia Lynch_ _____

Signature

Philadelphia County _____,

Alicia Lynch

PA _____ on __2/9/2026_____.

+1 (267) 267-1305

6155 Oakley St, Philadelphia, PA 19111



Exhibit 1a)

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:

DIVISION:

MODE TRANSPORTATION LLC,

      Plaintiff,

v.

JILLAMY, INC.,
JILLAMY FULFILLMENT SERVICES,
LLC, JILLAMY PACKAGING &
WAREHOUSE, INC., AND JILLAMY
TRANSPORTATION, INC.,

      Defendants.

_____/

## **<u>SUMMONS</u>**

THE STATE OF FLORIDA
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve upon the below-named Defendant this
**Summons and Complaint** filed in this action:

JILLAMY PACKAGING & WAREHOUSE, INC.
160 New Britain Blvd.
Chalfont, Pennsylvania 18914

      Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's
attorney, whose name and address is:

Darryl Harris
Greenberg Traurig, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801

within **20 days** after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**02/06/2026**
DATED: February ___, 2026.



(COURT SEAL)

JODY PHILLIPS
As Clerk of the Court

BY: _Rebecca Jackson_____
As Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

**MODE TRANSPORTATION LLC**

    *Plaintiff(s) / Petitioner(s)*

v.

                                                    Case No.:

**JILLAMY, INC., JILLAMY FULFILLMENT SERVICES,**    16-2026-CA-000860-AXXX-MA
**LLC, JILLAMY PACKAGING & WAREHOUSE, INC., AND**
**JILLAMY TRANSPORTATION, INC.**

    *Defendant(s) / Respondent(s)*

## <u>VERIFIED RETURN OF SERVICE</u>

I, Jayson Young, state:

I am 18 years or older and not a party to this action.

I received the following documents on February 6, 2026, at 2:07 pm. I served these documents with my initials, identification number, and the date and hour of service endorsed thereon to Jillamy Transportation, Inc. in Bucks County, PA on February 7, 2026 at 8:36 pm at 160 New Britain Blvd, Chalfont, PA 18914-1832 by leaving the following documents with Chrissy Isaacson who as Receptionist is authorized by appointment or by law to receive service of process for Jillamy Transportation, Inc..

Summons
Complaint
Cover Sheet

Additional Description:
CORPORATE SERVICE: I served and explained the contents to an employee of the defendant Corporation failing to comply with F.S. 48.091 in the absence of the registered agent or any superior officers pursuant to F.S. 48.081(3)(a)

Race: White, Sex: Female, Est. Age: 35-44, Hair: Unknown, Glasses: N, Est. Weight: Unknown, Est. Height: 5' 3" to 5' 6".
Geolocation of Serve: https://google.com/maps?q=40.2854659805,-75.2449098159
Photograph: See Exhibit 1

Total Cost: $225.00

Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing and the facts stated there are true. I am over the age of 18, have no interest in the above action, and am a Certified/Appointed/Specially Appointed Process Server in good standing in the county in which service was made. Notary not required pursuant to F.S. § 92.525

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 02/12/2026 03:34:02 PM

Executed in

Philadelphia County                          ,

PA        on      2/10/2026               .

/s/ *Jayson Young*
_____
Signature
Jayson Young
+1 (267) 970-9928
2544 n Sydenham st , Philadelphia , PA 19132



IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.:

DIVISION:

MODE TRANSPORTATION LLC,

     Plaintiff,

v.

JILLAMY, INC.,
JILLAMY FULFILLMENT SERVICES, LLC, JILLAMY PACKAGING & WAREHOUSE, INC., AND JILLAMY TRANSPORTATION, INC.,

     Defendants.

_____/

## <u>SUMMONS</u>

THE STATE OF FLORIDA
To Each Sheriff of the State:

     **YOU ARE HEREBY COMMANDED** to serve upon the below-named Defendant this **Summons and Complaint** filed in this action:

JILLAMY TRANSPORTATION, INC
160 New Britain Blvd.
Chalfont, Pennsylvania 18914

     Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is:

Darryl Harris
Greenberg Traurig, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801

within **20 days** after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**02/06/2026**
DATED: February ___, 2026.



JODY PHILLIPS
As Clerk of the Court

(COURT SEAL)

BY: _Rebecca Jackson_____
As Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

DIVISION: CV-E

DIVISION CV-E CASE NUMBERS:

16-2026-CA-000610-AXXX-MA
16-2026-CA-000639-AXXX-MA
16-2026-CA-000694-AXXX-MA
16-2026-CA-000724-AXXX-MA
16-2026-CA-000779-AXXX-MA
16-2026-CA-000860-AXXX-MA
16-2026-CA-000875-AXXX-MA

_____/

**CASE MANAGEMENT ORDER SETTING PROJECTED
TRIAL DATE AND CASE MANAGEMENT DEADLINES**

In accordance with Florida Rules of Civil Procedure Rule 1.200, it is,

**ORDERED** as follows:

**1. CASE MANAGEMENT TRACK DESIGNATION**

Based on initial information provided on the Civil Case Cover Sheet and consideration of the Complaint, this case is assigned to:

__X__   the streamlined case management track.

_____   the general case management track.

Changes in track designation may be made in accordance with Rule 1.200(c).

**2. PROJECTED TRIAL DATE**

_____   The Plaintiff has demanded a jury trial.

__X__   The Plaintiff has not demanded a jury trial.

The projected trial term date is **January 25, 2027.**

**3. PROJECTED TRIAL DURATION**

The projected time allocated for the trial is:

_____   6 days or more.

_____   5 days or less.

__X__   4 hours or less.

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 02/18/2026 01:15:10 PM

### 4.  PROJECTED PRE-TRIAL DEADLINES

| | | |
|---|---|---|
| a. | Service of Complaint | *See* Fla. R. Civ. P. Rule 1.070 |
| b. | Service Under Extensions | *See* Fla. R. Civ. P. Rule 1.070 |
| c. | Adding New Parties | 90 days after service of the Complaint |
| d. | Completion of Fact Discovery | 90 days before pre-trial conference |
| e. | Completion of Expert Discovery | 60 days before pre-trial conference |
| f. | Filing and Service of Motions for Summary Judgment | 80 days before pre-trial conference |
| g. | Filing and Resolution of all Objections to Pleadings | 120 days after service of the Complaint |
| h. | Filing and Resolution of all Pretrial Motions | 60 days before pre-trial conference |
| i. | Completion of Alternative Dispute Resolution | 30 days before pre-trial conference |

The deadlines established by this order will be strictly enforced unless changed by court order.

### 5.  CASE MANAGEMENT FOLLOWING THE SETTING OF THE PROJECTED TRIAL DATE

A Case Management Conference ("CMC") pursuant to Fla. R. Civ. P. Rule 1.200(j) will be convened on **Thursday, July 9, 2026, at 9:00 a.m. at the Duval County Courthouse, 501 W. Adams Street, Hearing Room 739, Jacksonville, Florida 32202.  Counsel of record for the parties and pro se parties shall appear in person for this Case Management Conference.**

The purpose of this Case Management Conference is to provide the parties or their counsel an opportunity to be heard prior to the Court setting the actual trial period, pretrial conference, and pretrial deadlines.

Accordingly, no later than **7 days** prior to this CMC, the parties or their counsel shall, in a meeting initiated by Plaintiff(s) or their counsel if represented, confer with each other regarding the particular case management needs of the case, including but not limited to:

   a.  whether the parties adopt the projected trial date/duration set forth above; or
   b.  whether the parties agree that a different actual trial date/duration should govern this case; and
   c.  whether the CMC should be cancelled because the parties have submitted a Trial Set Memorandum as set forth below.

**The parties may avoid this CMC by filing and submitting to the Court's Judicial Assistant a completed Division CV-E Trial Set Memorandum no later than 14 days prior to the date of this CMC advising the Court whether the parties adopt the projected trial date/duration set forth above OR whether the parties agree that a different actual trial date/duration (consistent with the time standards set forth in Fla. Gen. Prac. and J. Admin. Rule 2.250) should govern this case.** If such a memorandum is timely submitted, the Court will, upon request, cancel this CMC. Unless the Court cancels the CMC, the CMC shall proceed.

Upon the failure of a party, or their counsel if represented, to attend this CMC or to submit a completed Trial Set Memorandum, the Court may set an actual trial date, dismiss the action, strike pleadings, limit proof or witnesses, or take any other appropriate action against a party failing to attend. Fla. R. Civ. P. Rules 1.200(j)(6) and 1.420(b).

## 6. ORDER SETTING ACTUAL TRIAL DATE

Following either the CMC or the receipt of a Trial Set Memorandum from the parties, each Division will enter a superseding order setting an actual trial date within the time standards prescribed by Florida Rule of General Practice and Judicial Administration 2.550, along with deadlines and requirements of counsel pursuant to Florida Rules of Civil Procedure 1.200 and 1.440.

## 7. MOTIONS OR OBJECTIONS DIRECTED TO PLEADINGS

Within 60 days of filing a Motion to Dismiss, a Motion for More Definite Statement, a Motion to Strike or any objection to a pleading, the moving or objecting party shall schedule with the Court's Judicial Assistant a hearing on the motion or objection. Failure to do so shall result in the motion or objection being deemed abandoned and denied. The nonmoving party shall promptly submit a proposed order confirming that the motion or objection is denied.

## 8. SERVICE OF THIS ORDER

The Plaintiff shall serve a copy of this Case Management Order on all other parties to this action and shall file a Certificate of Service reflecting the date on which the party was served.

**DONE AND ORDERED** in Chambers at Jacksonville, Duval County, Florida, this 17th day of February 2026.

BRUCE R. ANDERSON, JR.
Circuit Court Judge

3

Case 3:26-cv-00422-TJC-SJH    Document 1-3    Filed 02/26/26    Page 57 of 61 PageID
154

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

DIVISION:  CV-E

DIVISION CV-E CASE NUMBERS:

16-2026-CA-000610-AXXX-MA
16-2026-CA-000639-AXXX-MA
16-2026-CA-000694-AXXX-MA
16-2026-CA-000724-AXXX-MA
16-2026-CA-000779-AXXX-MA
16-2026-CA-000860-AXXX-MA
16-2026-CA-000875-AXXX-MA
_____/

### DIVISION CV-E SUPPLEMENTAL ORDER SCHEDULING 150 DAY
### CASE MANAGEMENT CONFERENCE ("CMC") TO SET ACTUAL TRIAL PERIOD,
### REQUIRING MATTERS TO BE COMPLETED PRIOR TO CMC, AND
### NOTICE OF HEARING

**THIS CAUSE** came before the Court to set this Case Management Conference ("CMC")

on its own notice to set an actual trial period pursuant to Florida Rules of Civil Procedure 1.200

and 1.440.  The Court recognizes its duty and obligation to actively manage each case assigned to

it and comply with Rules 2.250(a)(1)(B) and 2.545(a), (b) and (e)., Fla. R. Gen. Prac. & Jud.

Admin., Florida Supreme Court Administrative Order No. AOSC 20-23, Amendment 12, *In re:*

*Comprehensive COVID-19 Emergency Measures for Florida Trial Courts,* and Fourth Judicial

Circuit Amended Administrative Order No. 2023-05.  The Florida Supreme Court codified the

Court's active case management responsibilities by amending Florida Rules of Civil Procedure

1.200 (Case Management; Pretrial Procedure), 1.201 (Complex Litigation), 1.280 (General

Provisions Governing Discovery), 1.440 (Setting Action for Trial), and 1.460 (Motions to Continue

Trial). *In Re: Amendments to Florida Rules of Civil Procedure*, 386 So.3d 497 (Fla. 2024).  The

Court also recognizes the limited judicial resources available for civil case management in the

1

Fourth Circuit – the Court simply does not have sufficient staff to monitor civil cases on a case-by-case basis to determine the status of the case generally and whether or when every defendant has been served with the complaint. Therefore, the Court is requiring counsel for the parties to confer with each other and cooperate during the time period between the filing of the complaint and this CMC to comply with the requirements of this Order to promote judicial efficiency in conducting the CMC to set the actual trial period, schedule the pretrial conference, and setting pretrial deadlines. The Court being otherwise duly and fully advised in the premises, it is hereby,

**ORDERED:**

1. **Service of this Order on Each Defendant.** Plaintiff shall serve a copy of this Order on each Defendant by the initial service of process, or, if unable to do so, by United States Postal Service and email to each Defendant and file a certificate of service on the docket confirming the same for the Court.

2. **Schedule.** A Case Management Conference ("CMC") pursuant to Rule 1.200(j), Fla. R. Civ. P. will be convened on **Thursday, July 9, 2026, at 9:00 a.m. at the Duval County Courthouse, 501 W. Adams Street, Hearing Room 739, Jacksonville, Florida 32202. Counsel of record for the parties and pro se parties shall appear in person for this Case Management Conference.** Counsel for the parties must be prepared to specifically address and respond to the Court's case management concerns in **fifteen (15) minutes or less.**

3. **Purpose.** The purpose of this Case Management Conference is to provide counsel for the parties an opportunity to be heard prior to the Court setting the actual trial period, pretrial conference, and pretrial deadlines.

4. **Requirements Prior to CMC; Pre-CMC Meet and Confer.** No later than **SEVEN (7) DAYS** prior to the 150 day CMC, counsel for the parties shall meet together by agreement instigated by counsel for the Plaintiff(s), to: discuss and confer whether this CMC is necessary for

2

the Court to fix the actual trial period, pretrial conference, and pretrial deadlines for this cause or whether the CMC should be cancelled pursuant to provisions of paragraph 7 below.  If there is not a complete agreement to cancel the CMC by complying with paragraph 7 below, then counsel for the parties shall discuss and cooperate with each other during the meet and confer to prepare and file a *joint* signed **"Division CV-E Uniform Case Management Report"**[1], a *single* proposed **"Order Following 150 Day Case Management Conference to Set Actual Trial Period"**[1]**, and** a completed **Division CV-E Trial Set Memorandum"**[1] utilizing the Court's forms published on the Fourth Judicial Circuit's website, to be submitted to the Court prior to the CMC.  In the event the parties are unable to reach an agreement regarding the provisions of the **"Order Following 150 Day Case Management Conference to Set Actual Trial Period"**[1] a *single* draft proposed order containing "redline" or "blackline" annotations must be submitted to the Court prior to the CMC in Word format to permit the Court to compare and consider any competing provisions or revisions during the CMC.

5. **Order Following 150 Day CMC.**  The Court will enter an **"Order Following 150 Day Case Management Conference to Set Actual Trial Period"**[1] utilizing the Division CV-E's template Order published on the Fourth Judicial Circuit's website.[1]

6. **Prohibition.**   Please **DO NOT CALL OR EMAIL** the Court's Judicial Assistant requesting that this hearing be changed or providing the status of the action.   This Case Management Conference may not be cancelled without the Court entering an order cancelling the same pursuant to the provisions of paragraph 7 below.

7. **Cancelling the CMC Hearing.**  The Court will enter an Order cancelling the CMC hearing upon counsel for the parties completing the following action to advance the resolution of the action

---

[1] See website: https://www.jud4.org/ex-parte-dates-judge-s-procedures/duval-judges

with courtesy copies of the pleadings and filings verifying the same emailed to the Court's Judicial Assistant **NO LATER THAN five (5) days prior to the CMC (such email must notify the Court of the date/time of your scheduled 150 Day Case Management Conference)**:

    (a) Filing a Motion for Trial to set the action for an actual trial period pursuant to Rule 1.440(b), Fla. R. Civ. P., and emailing to the Court's Judicial Assistant a completed **Division CV-E Trial Set Memorandum[1] NO LATER THAN five (5) days** prior to the date of this Case Management Conference to schedule the action for an actual trial period pursuant to **Division CV-E Policies and Procedures[1]** published on the Fourth Judicial Circuit's website.

8. **Sanctions for Non-Compliance.** Upon failure of counsel for the parties to attend the Case Management Conference or alternatively timely take any actions to advance the resolution of this action set forth in paragraphs 4 and 7 (a) above, the Court may dismiss the action, strike pleadings, limit proof or witnesses, or take any other appropriate action as provided in Rules 1.200(j)(6) and 1.420(b), Fla. R. Civ. P.

    **DONE AND ORDERED** in Chambers at Jacksonville, Duval County, Florida this 17th day of February 2026.

BRUCE R. ANDERSON, JR.
Circuit Court Judge

Copies to:

All counsel of record

---

[1] See website: https://www.jud4.org/ex-parte-dates-judge-s-procedures/duval-judges

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.   Please contact the ADA Coordinator at (904) 255-1695 or <u>crtintrp@coj.net,</u> at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**