**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MODE TRANSPORTATION LLC,

Plaintiff,

Case No. 3:26-cv-422-TJC-SJH

v.

JILLAMY, INC., et al.,

Defendants.

---

**ORDER**

This case involves a contract dispute between companies in the logistics and transportation industries. It is before the Court on Defendants' Dispositive Motion to Dismiss the Amended Complaint or for Transfer Pursuant to 28 U.S.C. § 1406(a) (Doc. 22), and Plaintiff's response thereto. (Doc. 24).

**I. Background**

Plaintiff MODE Transportation is a Delaware LLC with Delaware and Texas members. (Doc. 23 at 3). MODE provides freight brokerage and logistics services. (Doc. 15 at 8). Defendants are a series of related entities in the transportation industry and perform services such as trucking and warehousing. (Id.). Defendant Jillamy, Inc. is the parent company of the other three named Defendants: Jillamy Fulfillment Services, LLC, Jillamy Packing & Warehouse, Inc., and Jillamy Transportation, Inc. (Id.). All Defendants are citizens of Pennsylvania, and one

Defendant, Jillamy Transportation, Inc. is also a citizen of New Jersey. (Doc. 21 at 3). MODE provides transportation and logistics services for Defendants. (Doc. 15 at 9).

On April 2, 2026, MODE filed an Amended Complaint alleging Defendants have refused to pay numerous open invoices. (Id.).[1,2] MODE argues that it and Defendants "were parties to a series of binding and enforceable agreements" for services MODE provided. (Id.). In MODE's view, the agreements were formed through a combination of Defendants' requests for services, MODE's acceptance of those requests and performance of the requested services, MODE's issuance of invoices identifying the services performed and the applicable terms of payment, and Defendants' acceptance of the benefits of MODE's performance without objection. (Id. at 10). MODE contends that the unpaid invoices at issue are governed by MODE's terms of service agreement ("Terms"), which provides that "[l]awsuits shall be filed and litigated exclusively in the state or federal courts located in Duval County, Florida, and the Parties hereby consent to jurisdiction in these courts and

[1] MODE states that two individuals, Theodore Kuriger and Christian Kiefer—who serve as co-owners and officers for each of the Defendants—are currently involved in several lawsuits with MODE "involving, among other things, alleged breaches of their restrictive covenants with MODE." (Doc. 15 at 9). MODE alleges that Defendants' failure to pay the outstanding invoices is an attempt to gain Kuriger and Kiefer an advantage in their pending lawsuits. (Id.).

[2] MODE originally filed this action in the Circuit Court for Duval County, Florida, and Defendants removed the action to this Court. (Doc. 1).

agree that venue is proper exclusively in these courts." (Id. at 3). Of note, the Terms are not listed on the invoices, but each invoice includes a link thereto, stating: "All shipments here under are also subject to the terms of service located at: https://www.Modetransportation.Com/terms-of service/ and incorporated herein by reference as such terms of service may be modified from time to time by mode transportation [sic] without notice to you." (Id. at 10–11). MODE contends that "[a]s sophisticated commercial entities in the transportation industry . . . Defendants were fully aware of MODE's standard invoicing and terms." (Doc. 24 at 5).

MODE's Amended Complaint contains three counts: breach of contract, unjust enrichment, and account stated; the latter two counts are pled in the alternative to the breach of contract claim. (Doc. 15). MODE alleges "Defendants knowingly accepted and retained the benefits" of its services "for hundreds of shipments over an extended period of time." (Id. at 14). Specifically, Defendants have unpaid invoices dating back to February 2024 and ceased all payments to MODE in July 2025. (Id.). MODE alleges that Defendants owe a total of $2,290,477.48 in principal and accrued interest for the invoices. (Id. at 16).[3]

---

[3] According to MODE, Jillamy Fulfillment Services owes MODE $1,127,483.10, Jillamy Packaging & Warehouse owes MODE $226,069.48, and Jillamy Transportation owes MODE $659,418.31. (Doc. 15 at 15). It appears that the parent company, Jillamy, Inc., does not itself owe MODE money for services rendered. (Doc. 22 at 8).

One might naturally wonder why this lawsuit was filed in the Middle District of Florida when no party is a citizen of Florida, and only a small fraction of the outstanding invoices involved Florida. (See Doc. 22 at 11) (explaining that out of nearly 900 separate invoices that Plaintiff attaches to its Amended Complaint, only nineteen, or 2%, involve Florida). MODE posits that this district is an appropriate venue for its claims because "Defendants are subject to the Court's personal jurisdiction[,]" "this action arises out of Defendants' contractual obligations that are required to be performed in this District[,]" and because "Defendants expressly agreed that any disputes arising out of or relating to the parties' Agreement 'shall be filed and litigated exclusively in the state or federal courts located in Duval County, Florida[.]'" (Doc. 15 at 6–7). Defendants argue that venue is not proper in this district because venue does not fall within any of the three enumerated categories in 28 U.S.C. § 1391(b). (Doc. 22 at 14). Defendants contend that "[t]his action could have been brought in the Eastern District of Pennsylvania, and thus, transfer to that district would be appropriate." (Id.).[4]

## II. Analysis

### A. Whether Venue is Proper in This District

[4] Defendants also argue that "there is no enforceable contract pursuant to which Defendants agreed to Florida choice of law, to litigate any dispute in Florida or submit to jurisdiction in Florida" because the invoices linking to the Terms were sent "after the services were completed" and the forum selection clause was "buried on page 9 of 9" of the Terms. (Doc. 22 at 7–8).

Federal law provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Where venue is improper, § 1406(a) provides the cure: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex., 571 U.S. 49, 56 (2013). "Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)." Id.

None of the above categories supports venue in this district. First, § 1391(b)(1) is inapplicable because Defendants are not residents of Florida. As noted, all Defendants are citizens of Pennsylvania, and Jillamy Transportation is

also a citizen of New Jersey. (Doc. 15 at 7–8). Second, § 1391(b)(2) does not support venue in this district because the parties' business did not substantially occur here. Although a few invoices at issue involved Florida, as noted previously, only about 2% of the invoices MODE attached to its Amended Complaint involve Florida. (Doc. 22 at 11). Thus, it cannot fairly be said that "a substantial part of the events or omissions giving rise to the claim occurred" in this district. § 1391(b)(2); see Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003) ("Only the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered.").[5]

Third, § 1391(b)(3), also known as the fallback venue provision, is inapplicable because, according to the facts alleged in the Amended Complaint, the action could have been brought in the Eastern District of Pennsylvania, where all Defendants reside. That the Terms included a Florida forum-selection clause does not change the outcome. Atl. Marine, 571 U.S. at 56 ("Petitioner's contrary view improperly conflates the special statutory term 'venue' and the word 'forum.' . . . The structure of the federal venue provisions confirms that they alone define whether venue exists in a given forum."). Because the case does not "fall within one

[5] MODE also argues that Jillamy, Inc. owns real property in Land O'Lakes, Florida. (Doc. 24 at 5). But this connection is tenuous at best and does not satisfy § 1391(b)(2). (See Doc. 22 at 3) (explaining that the reference is to an affiliate of Jillamy "which is not a Defendant[.]").

of the three categories set out in § 1391(b) . . . venue is improper, and the case must be dismissed or transferred under § 1406(a)." Id. at 56.

MODE repeatedly emphasizes the Atlantic Marine court's statement that "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." (Doc. 15 at 7; 24 at 3) (citing 571 U.S. at 51, 59–60) (quotation modified). However, MODE takes this statement out of context. In Atlantic Marine, the Supreme Court first analyzed § 1406(a), which requires dismissal or transfer when venue is improper, then it discussed § 1404(a), a separate statute permitting transfer "[f]or the convenience of parties and witnesses, in the interest of justice[.]" Unlike § 1406(a), § 1404(a) is not mandatory.

MODE misses the point that this statement ("a valid forum-selection clause should be given controlling weight in all but the most exceptional cases") was with respect to parties seeking transfer under § 1404(a), the discretionary transfer provision. On the other hand, the Atlantic Marine court clearly stated that when analyzing § 1406(a), the mandatory provision, a forum-selection clause "has no bearing" on whether venue is proper. 571 U.S. at 56. Because § 1406(a) requires dismissal or transfer of this action, the Court does not reach the parties' arguments regarding § 1404(a).[6]

---

[6] In addition, the facts in Atlantic Marine are distinguishable. There, venue was otherwise proper in the district where the case was originally brought. 571 U.S. at 54, n.1 ("Venue was otherwise proper in the Western District of Texas because the subcontract at issue in the suit was entered into and was to be performed in

**B. Transfer of Venue**

The Court next considers whether to dismiss the case or transfer it. Because venue is improper in this district, transfer to "any district or division in which it could have been brought" is permitted, so long as transfer is "in the interest of justice." § 1406(a). The interests of justice generally weigh in favor of transferring an action brought in an improper venue instead of dismissing it. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962). The decision whether to dismiss or instead to transfer a case under § 1406(a) is left to the sound discretion of the district court. See Carter v. Sec'y, Dep't of Homeland Sec., No. 6:08-cv-48-GAP-KRS, 2008 WL 1805486, at *1 (M.D. Fla. Apr. 18, 2008) (citation omitted).

Transfer of this case to the Eastern District of Pennsylvania, rather than dismissal, comports with the interests of justice and judicial economy. The case is still in its infancy, with merits arguments largely yet to be made, and is thus amenable to transfer. Moreover, transfer will allow the case to continue without significant delay and saves MODE the effort of filing its claims anew elsewhere, thus avoiding "'time-consuming and justice-defeating technicalities.'" Goldlawr, 369 U.S. at 467 (footnote omitted).

Having concluded that venue is improper in this district and that transfer is appropriate, the Court declines to address Defendants' arguments regarding

---

that district."). Thus, dismissal or transfer of venue was not mandatory, and the Supreme Court could analyze discretionary transfer under § 1404(a).

personal jurisdiction. Id. at 466–67 ("The language of [28 U.S.C. §] 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motion to Dismiss the Amended Complaint or for Transfer Pursuant to 28 U.S.C. § 1406(a) (Doc. 22) is **GRANTED in part**.
2. This case is **TRANSFERRED** to the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division, under 28 U.S.C. § 1406(a).[7]
3. The Clerk should terminate all pending motions and deadlines, and after transfer has been effectuated, close the file.

[7] See United States District Court for the Eastern District of Pennsylvania, Local Civil Rule 40.1 ("All other cases, unless otherwise directed by the court, shall be tried in Philadelphia and are assigned to the presiding judge at the time of filing.").

**DONE AND ORDERED** in Jacksonville, Florida this 23rd day of November, 2026.

Timothy J. Corrigan
TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record